Darrell PATTERSON *v.* Melba SMITH, et al.

86-99                                          712 S.W.2d 922

Supreme Court of Arkansas
Opinion delivered July 21, 1986

*Appellant*, pro se.

No response.

PER CURIAM. ■ Appellant Patterson filed a *pro se* petition for writ of mandamus in the Circuit Court of Lincoln County, alleging that the keeper of the records for the Arkansas Department of Correction had misfigured his parole eligibility date. Appellant, who was classified by the Department as a third offender pursuant to Act 93 of 1977, Ark. Stat. Ann. § 43-2828 et seq. (Supp. 1985), contended that he should have been classified as a second offender. Under Act 93 a petitioner classified as a third offender must serve at least three-fourths of his sentence, less credit for good behavior, before being eligible for parole. A second offender under Act 93 is eligible for release on parole after serving one-half of his sentence with credit for good behavior. The trial court found that appellant had been convicted three times and was thus properly classified as a third offender for the purposes of Act 93 and denied the petition for writ of mandamus. An attorney was appointed to represent the appellant in the appeal of the trial court's decision. Counsel for appellant and the State have each filed a brief on appeal; both argue that the appeal has no merit.

■ Appellant seeks permission to file a *pro se* supplemental brief. Even though counsel for appellant has conceded that the appeal is without merit, appellant is not entitled to file a supplemental brief unless he can establish that some significant point for reversal has been omitted from counsel's brief. If this were a criminal appeal, he would be entitled to file a supplemental brief pursuant to our Rule 11(h), which sets out the procedure to be followed when an attorney wishes to withdraw from a criminal appeal which has no merit. Because a petition for writ of mandamus against the Department of Correction challenging the computation of a parole eligibility date is a civil action, *Virgin* v. *Lockhart*, 288 Ark. 92, 702 S.W.2d 9 (1986), the appellant is not

566

permitted to file a supplemental brief as a matter of course.

The appellant here has not demonstrated that counsel omitted a meritorious point for reversal. Ark. Stat. Ann. § 43-2828(3) provides:

> Third offenders shall be inmates convicted of three or more felonies and who have been twice incarcerated in some correctional institution in the United States . . . for a crime which was a felony under the laws of the jurisdiction in which the offender was incarcerated, prior to being sentenced to a correctional institution in this State for the offense or offenses which they are being classified.

Appellant was convicted of a felony in Pulaski County in 1975 and served one year of a five-year sentence with four years suspended. He violated parole and was returned to the Arkansas Department of Correction to serve the remaining four years in 1978. In 1979, he was convicted of a felony in Craighead County and sentenced to five years imprisonment. In 1983, he was convicted in Pulaski County of five felonies and received five concurrent ten-year sentences. According to § 43-2828(3), a third offender is one who has been *twice* incarcerated in some correctional institution for a felony prior to being sentenced to a correctional institution for the offense for which he is being classified. Appellant was classified for the 1983 offenses based on his prior felony convictions in 1975 and 1979; he is therefore a third offender under the statute and not entitled to be classified by the Department of Correction as a second offender.

As appellant has not made a substantial showing that he was entitled to a petition for writ of mandamus against the Arkansas Department of Correction, the motion to file a supplemental brief must be denied. We note secondarily that the handwritten brief which appellant has attached to his motion for permission to supplement could not be accepted under this Court's Rules in any event. *Pro se* briefs in civil cases must be typewritten unless this Court has given the appellant permission to file a handwritten brief. Such permission is granted only when an appellant makes a substantial showing that his suit has merit and that he is unable to submit a typed brief. *Glick* v. *Lockhart*,

288 Ark. 417, 706 S.W.2d 178 (1986).

In the course of reviewing the briefs and record in regard to the instant motion, we have concluded that the appeal is without merit. It is therefore pointless to consider the matter a second time when the briefs are submitted to this Court. Therefore the appeal is dismissed.

Motion denied; appeal dismissed.

HOLT, C.J., not participating.