Kenneth DOKES and Beverley Ann Willis *v.* STATE of Arkansas

CR 89-14                                          772 S.W.2d 583

Supreme Court of Arkansas
Opinion delivered June 12, 1989

*Appellants,* pro se.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Kenneth Dokes was convicted of robbery, aggravated robbery and theft of property and found to be an habitual offender. His co-defendant Beverly Ann Willis was convicted of robbery. Their attorney has lodged the record in an appeal from those convictions and has filed the appellant's brief. Dokes has now filed the motion before us seeking permission to file a *pro se* supplement to the brief filed by counsel. After the motion was filed, Willis joined in it. In the motion the appellants

contend that their attorney has not adequately addressed the issue of whether Dokes was afforded a speedy trial in one of the cases. They also allege that there was a conflict of interest between Dokes and his co-defendant Willis and between Dokes and counsel. They also assert that the trial court was wrong to accept some of Willis's testimony as credible while rejecting other parts of it. They allege that their attorney was ineffective at trial and on appeal.

■■ Unless an appellant can clearly show that the brief filed by his attorney is lacking, he will not be permitted to file a supplemental brief. *Wade* v. *State*, 288 Ark. 94, 702 S.W.2d 28 (1986). A brief will not be held deficient merely because the appellant is dissatisfied with the arguments made or the issues raised. *See Jones* v. *Barnes*, 463 U.S. 745 (1983). The appellants' unsubstantiated allegation that there was a speedy trial violation is not sufficient to show that counsel has failed to raise some significant issue. *See Patterson* v. *Smith*, 289 Ark. 564, 712 S.W.2d 922 (1986). Likewise, appellants' claim that the trial court erred in assessing Willis's credibility does not constitute a showing that counsel omitted some significant point from the brief.

■ Appellants' allegations are in essence claims of ineffective assistance of counsel which cannot be raised for the first time on appeal. *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 372 (1981). If appellants' convictions are affirmed, they may, if they desire, raise allegations of ineffective assistance of counsel in a joint petition or in separate petitions for post-conviction relief pursuant to Criminal Procedure Rule 37, which is the proper forum for such claims.

■ Appellant Dokes has also filed a separate *pro se* motion asking this court to compel counsel to provide him with a copy of the trial transcript. As an appellate attorney is not obligated to see to it that his client has a copy of the transcript, the motion is denied.

Motions denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. In all fairness and in the furtherance of justice, we ought to allow the petitioner to file a *pro*

*se* brief. It would amount to very little inconvenience to this court for the time being and might well save a considerable amount of time and work later. Furthermore, allowing the brief at this time would most likely not delay a decision on his direct appeal.

If we deny the motion now we most certainly will have to consider these same allegations when a Rule 37 petition is filed. Even so, most of the allegations relate to matters which are ordinarily considered on direct appeal. It is these allegations which will form the basis for a claim of ineffectiveness of trial counsel at a later date. Perhaps this very common allegation relating to the effectiveness of trial counsel could be avoided if we consider the movant's allegations while we are reviewing the case on appeal.