Eddie WILLIAMS *v.* STATE of Arkansas

CR 89-199                                    789 S.W.2d 732

Supreme Court of Arkansas
Opinion delivered May 29, 1990

*Hale, Young, Green & Nixon*, by: *Milas H. Hale III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kelly K. Hill*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Eddie Williams appeals from a conviction of burglary and attempted rape. He was sentenced to ten years in prison for the burglary and thirty years for attempted rape of a nine-year-old girl. The only point raised on appeal is the violation of Williams's right to effective counsel. We affirm the conviction because lack of effective assistance of counsel did not become an issue at the trial, and it is therefore not an issue which can be raised on appeal.

The conviction occurred in 1984. The evidence favorable to the state showed that Williams was discovered by the mother of the victim and a friend of the mother while Williams was lying on top of the victim in her bed with his pants down. The friend held Williams until the police arrived and arrested Williams. The evidence of guilt was overwhelming.

Williams sought relief pursuant to Ark. R. Crim. P. 37, which has since been repealed, alleging ineffective assistance of his counsel. He contended his counsel failed to investigate the case properly and thus failed to call two witnesses. The persons he thought should have been called testified in a matter unfavorable to Williams's cause, and the relief was denied.

Because Williams wanted to appeal his conviction but no timely appeal was taken, a federal court ordered that he be given a belated appeal or released. The appeal permitted in response to the federal court order is the appeal before us now. Williams alleges in his brief that his counsel was ineffective because no opening or closing statements were made by his counsel at the trial. A claim of ineffective assistance of counsel may not be raised on appeal. *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 372 (1981). *See Dokes* v. *State*, 299 Ark. 178, 772 S.W.2d 583 (1989); *Bishop* v. *State*, 294 Ark. 303, 742 S.W.2d 911 (1988). An exception is made if ineffective assistance of counsel was asserted as the ground for a new trial. *Lasiter* v. *State*, 290 Ark. 96, 717 S.W.2d 198 (1986). The exception does not apply in this case.

Affirmed.