STATE of Wisconsin, Plaintiff-Respondent,

v.

DEBRA A. E., Defendant-Appellant.

STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy A. NESJA, Defendant-Appellant.

Supreme Court

*Nos. 92–2974–CR, 93–0737–CR. Oral argument September 9, 1994.—Decided November 23, 1994.*

(Also reported in 523 N.W.2d 727.)

111

For the defendant-appellant, Debra A.E., there were briefs (in the court of appeals and supreme court) and oral argument by *Keith A. Findley,* assistant state public defender.

For the defendant-appellant, Timothy A. Nesja, there were briefs (in the court of appeals) by *George A. Limbeck* and *Timothy A. Nesja,* Milwaukee and oral argument by *George A. Limbeck.*

For the plaintiff-respondent the cause was argued by *Sally Wellman,* assistant attorney general and *Mary Bowman,* assistant attorney general, with whom on the brief (in the court of appeals) was *James E. Doyle,* attorney general.

SHIRLEY S. ABRAHAMSON, J. Timothy A. Nesja appeals from an order of the circuit court for Brown county, Judge Peter J. Naze; Debra A.E. appeals from an order of the circuit court for La Crosse county, Judge Peter G. Pappas. Each appeal is from an order denying the defendant's motion for an evaluation of the defendant's competency to participate in post-conviction relief proceedings.[1] The appeals have been consolidated and are before the court on certification from the court of appeals pursuant to sec. (Rule) 809.61, STATS. 1991–92. We reverse both orders and remand the matters to the respective circuit courts to determine whether to rule on the defendants' competency.

Two issues are presented to this court. The primary issue raised in both appeals is the appropriate role of the circuit court when counsel requests a ruling on a defendant's competency during postconviction relief proceedings under sec. 809.30, STATS. 1991–92.[2]

---

[1] Nesja's notice of appeal also states that he appeals the denial of his postconviction motion for a new trial and his underlying conviction. His brief before this court does not address these issues, nor does the court.

[2] We use "postconviction relief" in this opinion as the phrase is defined in sec. 809.30(1)(a), STATS. 1991–92, to mean in a felony and misdemeanor case "an appeal or a motion for post-conviction relief other than a motion under s. 973.19 or 974.06."

A motion under sec. 974.02, STATS. 1991–92, falls within postconviction relief and is made in the manner provided in sec. 809.30 and 809.40.

We conclude that a circuit could should determine a defendant's competency when it has reason to believe that the defendant is unable, in the postconviction relief proceedings under sec. 809.30, STATS. 1991–92, to assist counsel or to make decisions committed by law to the defendant with a reasonable degree of rational understanding. As we explain in more detail later, in order to protect incompetent defendants' right to meaningful postconviction relief, as well as the defendants' and the public's interest in expediting postconviction relief and reaching a final determination on the merits, the following procedures are to be applied as appropriate: 1) continuation of postconviction relief proceedings, 2) continuances or enlargement of time limits for postconviction relief, 3) appointment of temporary guardians and 4) permitting defendants who regain competency to raise issues at a later proceeding that could not have been raised earlier because of incompetency.

The second issue, raised only in Nesja's appeal, is whether this court should consider a pro se brief from an indigent defendant when a brief has been submitted by assigned counsel. We conclude that a defendant has no constitutional right to concurrent self-representation and representation by counsel. Nevertheless an appellate court may, in its discretion, consider the issues raised in the defendant's pro se brief. We conclude that none of the issues defendant Nesja raises in his pro se brief has merit.

---

This "postconviction relief" is distinct from the postconviction review procedures presented in sec. 974.06, STATS. 1991–92. A defendant's competency at a sec. 974.06 proceeding is not an issue in this appeal.

119

## I.

The facts of the two cases are not in dispute for the purposes of this appeal.

### A.

Timothy Nesja was convicted August 30, 1989, of aggravated battery and battery, both with a repeater enhancement. Nesja's competency to stand trial was not raised. On October 2, 1989, the Brown County circuit court sentenced Nesja to nineteen years in prison, consecutive to any other sentence he was serving at the time.

Following the sentencing hearing, Nesja and his trial counsel executed a form entitled "Instructions for Postconviction Relief," indicating Nesja's intention to seek postconviction relief and trial counsel's agreement to file the necessary notice of intent to pursue such relief.

On June 5, 1992, Nesja's newly-appointed counsel filed a notice of intent to seek postconviction relief. On November 16, 1992, his counsel filed a postconviction motion in the circuit court seeking a new trial pursuant to sec. 809.30, STATS. 1991–92.

Subsequently, relying on sec. 971.14, STATS. 1991–92, Nesja's counsel filed a motion for competency proceedings. At the hearing on this motion, Nesja's counsel stated that his client had sent him "volumes of letters" indicating "delusional thinking" and that Nesja was unable to assist counsel in determining the merit of potential issues on appeal.

On February 19, 1993, the circuit court denied Nesja's motions for a new trial and competency proceedings. Nesja's counsel filed a notice of appeal on March 15, 1993, challenging, *inter alia,* the circuit

court's denial of the motion for competency proceedings.

## B.

Mental health and competency questions have permeated Debra A.E.'s case since its inception. She was arrested on June 24, 1991, and charged with resisting an officer and battery to a public officer. The charges arose during an incident in which she exhibited signs of mental incompetency.

During initial court proceedings both prosecuting and defense counsel questioned Debra A.E.'s competency. The circuit court found her incompetent to be tried, and she received treatment at the Winnebago Mental Health Institute. The circuit court later found her sufficiently competent to stand trial.

On February 3, 1992, following a jury trial, Debra A.E. was convicted on both counts. The circuit court sentenced her on March 30, 1992, and that same day her trial attorney filed a notice of intent to seek postconviction relief.

New counsel was appointed to represent Debra A.E. in postconviction relief proceedings. Counsel attempted to discuss with Debra A.E. the objectives and issues she wished to pursue on appeal. Debra A.E. did not speak with counsel during his visit to Taycheedah Correctional Institution, did not acknowledge his presence in any way, and did not respond to a letter he sent following his visit.

Because Debra A.E.'s counsel had a good faith doubt about her competency to make decisions regarding further legal proceedings or to assist in such proceedings, counsel filed a motion with the circuit court requesting competency proceedings under sec. 971.14, STATS. 1991–92. The circuit court denied the

motion in a one sentence order, without a hearing. Debra A.E.'s attorney appealed the denial to the court of appeals.

Debra A.E.'s counsel asserts that he has no way of knowing if she is willing to accept the risks of pursuing postconviction relief. He conjectures, however, on the basis of the trial record, that she might prefer not to do so. Since she probably would be released from prison before postconviction relief concluded,[3] she might choose to avoid the possible ordeal of another trial and the concurrent danger of a more severe sentence.

## C.

An essential facet of these cases is the nature of the postconviction relief that Nesja and Debra A.E. were seeking at the time each requested competency proceedings. Nesja and Debra A.E. are at different stages in the process of pursuing postconviction relief under sec. 809.30, STATS. 1991–92.[4] Section 809.30

---

[3] Debra A.E. was released from prison and placed on probation November 17, 1992, while her appeal was pending. According to officers at Taycheedah, Debra A.E. went "off records" on June 17, 1993.

[4] Both defendants completed SM–33 Information on Postconviction Relief forms at the conclusion of their sentencing hearings. III Wis. J.I. (Criminal) SM–33. Each defendant marked the option indicating that the defendant intended to seek postconviction relief and acknowledging that the required notice would be timely filed by trial counsel. The other two options on the SM–33 form are: 1) The defendant does not intend to seek postconviction relief, and 2) The defendant is undecided about postconviction relief but understands that the decision must be made and the trial counsel must be informed of the decision so that the notice can be filed within 20 days of sentencing.

(including sec. 974.02), grants defendants the right to raise three challenges after sentencing.

First, a defendant may bring an appeal as of right challenging the conviction or sentence. This appeal is directed to the court of appeals and begins with the filing of a notice of intent to pursue postconviction relief. Section 809.30(2)(b), STATS. 1991–92. The notice does not commit a defendant to prosecuting an appeal.[5] To continue with the appeals process, a defendant must file a notice of appeal. Section 809.30(2)(h), STATS. 1991–92.

Second, a defendant may file a motion for postconviction relief with the circuit court. Such motions may request remedies already sought at and rejected by the circuit court such as dismissal, mistrial or objection to jury instructions, or they may raise new issues such as new evidence or allegations of ineffective assistance of counsel. A defendant provisionally initiates this process by filing a notice of intent to pursue postconviction relief, but filing such notice does not obligate a defendant to pursue postconviction relief. To initiate proceedings a defendant must file a motion seeking postconviction relief.

Third, a defendant whose motion for postconviction relief has been denied by the circuit court can appeal the order of denial to the court of appeals. This appeal can be combined with an appeal as of right challenging the underlying conviction. Section 809.30(2)(j), STATS. 1991–92.

Nesja's case falls under the third scenario. His motion for postconviction relief was denied by the cir-

---

[5] Apparently, in 1991, sixty-five percent of the defendants who filed a notice of intent to pursue postconviction relief took no further steps to challenge their convictions. *State v. Flores,* 170 Wis. 2d 272, 280, 488 N.W.2d 116 (Ct. App. 1992).

cuit court. His notice of appeal challenges both the denial of his motion for postconviction relief and his underlying conviction.

Debra A.E. has filed only a notice of intent to seek postconviction relief with the circuit court. She has taken no further steps toward securing postconviction relief.

## II.

The first question we are asked to resolve is the appropriate role of the circuit court when counsel requests a competency determination for a defendant during postconviction relief proceedings. This question of law is one of first impression in this state.[6] The decisions of other states provide little guidance. Because competency is a focal point of this question, we begin by describing the standard of competency required for initiating or continuing postconviction relief proceedings under sec. 809.30, STATS. 1991–92.

Competency is a contextualized concept; the meaning of competency in the context of legal proceedings changes according to the purpose for which the compe-

---

[6] In *State ex rel. Matalik v. Schubert,* 57 Wis. 2d 315, 322, 204 N.W.2d 13 (1973), the court noted that "all states permit the suspension of criminal proceedings against an incompetent accused—usually at the trial stage, but also at the sentencing, execution and appeal stages of the criminal process," citing Samuel J. Brakel and Ronald S. Rock, The Mentally Disabled and the Law (American Bar Foundation rev. ed. 1971) for this proposition. The revised edition of the monograph omitted the discussion of competency on appeal that we relied on in *Matalik.* Samuel J. Brakel, John Parry, et al., The Mentally Disabled and the Law (American Bar Foundation 3d ed. 1985).

tency determination is made.[7] Whether a person is competent depends on the mental capacity that the task at issue requires.[8] One task required of defendants during postconviction relief is to make the decision to proceed with or forego relief. The client

[7] American Bar Association Criminal Justice Mental Health Standards sec. 7–4.1 commentary at 175 (1986) ("A determination of competence or incompetence is functional in nature, context-dependent and pragmatic in orientation."). Rodney J. Uphoff, *The Role of the Criminal Defense Lawyer in Representing the Mentally Impaired Defendant: Zealous Advocate or Officer of the Court?*, 1988 Wis. L. Rev. 65, 87, n.99 ("competency determinations fluctuate depending on the differing demands placed on defendants in different proceedings").

[8] For example, a person may be competent to refuse medication at a psychiatric hospital but not competent to execute a will.

An involuntarily committed patient is incompetent to refuse medication if "the individual is incapable of expressing an understanding of the advantages and disadvantages of accepting medication or treatment, and the alternatives to accepting the particular medication or treatment offered, after the advantages, disadvantages and alternatives have been explained to the individual." Section 51.61(1)(g)4, STATS. 1991–92.

Section 853.01, STATS. 1991–92, provides that competency to execute a valid will requires that the testator be of sound mind and 18 years of age or older. In *In Matter of Estate of Martin V. Sorensen*, 87 Wis. 2d 339, 344, 274 N.W.2d 694 (1979), the court stated that "[t]he testamentary capacity necessary to execute a valid will requires that the testator have the mental capacity to comprehend the nature, extent and state of affairs of his property, an understanding of his relationship to persons who are or might naturally be expected to be the objects of his bounty and that the testator understand the scope and general effect of the provisions of his will in relation to his legatees and devisees."

must decide whether to file an appeal and what objectives to pursue, although counsel may decide what issues to raise once an appeal is filed.[9] As the court acknowledged in *State ex rel. Flores v. State,* 183 Wis. 2d 587, 607, 516 N.W.2d 362 (1994), "the defendant may not wish to appeal based on any number of personal, practical, or even idiosyncratic reasons." *Flores,* 183 Wis. 2d at 607. Furthermore, in motions for postconviction relief filed in a circuit court, the defendant may be required to assist counsel in raising new issues and developing a factual foundation for appellate review.[10]

Based on the tasks that may be required of defendants seeking postconviction relief, we conclude that a defendant is incompetent to pursue postconviction relief under sec. 809.30, STATS. 1991–92, when he or she is unable to assist counsel or to make decisions committed by law to the defendant with a reasonable degree of rational understanding.[11]

---

[9] *Jones v. Barnes,* 463 U.S. 745, 751 (1983); *State v. Albright,* 96 Wis. 2d 122, 130, 291 N.W.2d 487 (1980), *cert. den.* 449 U.S. 957 (1980) (citing *Fay v. Noia,* 372 U.S. 391 (1963)); American Bar Association Criminal Justice Mental Health Standards, standard 7–4.2, Commentary at 181 (1986).

The Wisconsin Rules of Professional Conduct for Attorneys emphasize the client's role in making decisions: "A lawyer shall abide by a client's decisions concerning the objectives of representation. . . ." SCR 20:1.2(a).

[10] Defendants have a right to be present at certain evidentiary hearings in postconviction relief proceedings. *State v. Vennemann,* 180 Wis. 2d 81, 87, 508 N.W.2d 404 (1993); *State v. Hatch,* 144 Wis. 2d 810, 830–31, 425 N.W.2d 27 (Ct. App. 1988).

[11] For the purposes of trial, conviction or sentencing, a defendant is incompetent if he or she lacks "substantial mental

The standard of competency is, however, not the fulcrum of the dispute. On careful analysis, the real controversy between the parties does not even involve the propriety of a circuit court invoking its authority to

---

capacity to understand the proceedings or assist in his or her own defense. . . ." Section 971.13(1), STATS. 1991–92.

Mirroring the standard for competency to stand trial established in *Dusky v. United States,* 362 U.S. 402 (1960), the American Bar Association's Criminal Justice Mental Health Standards states that "a defendant is incompetent at the time of appeal in a noncapital case if the defendant does not have sufficient present ability to consult with defendant's lawyer with a reasonable degree of rational understanding, or if the defendant does not have a rational as well as factual understanding appropriate to the nature of the proceedings." Standard 7–5.4(a).

In *People v. Owens,* 564 N.E.2d 1184, 1889 (Ill. 1990), the Illinois supreme court concluded that a defendant is incompetent for purposes of postconviction relief when, because of the defendant's mental condition, he or she is unable to communicate with counsel in a manner that allows counsel to provide effective legal assistance.

For an analysis of the importance of a competency standard that incorporates both the requirement that a defendant be able to make decisions pertaining to the criminal process in issue as well as be able to assist counsel, see Richard J. Bonnie, *The Competence of Criminal Defendants: Beyond Dusky and Drope,* 47 U. Miami L. Rev. 539 (1993); Richard J. Bonnie, *The Competence of Criminal Defendants: A Theoretical Reformulation,* 10 Behavioral Sci. & Law 291 (1992).

For investigation of attorney-client interactions, the role played by the defendants in decisionmaking, and attorneys' strategies in doubted competency cases, see Norman G. Poythress, Richard J. Bonnie, Steven K. Hoge, John Monahan, and Lois B. Oberlander, *Client Abilities to Assist Counsel and Make Decisions in Criminal Cases,* 18 Law & Hum. Behav. 437 (1994).

127

adjudge a defendant's competency during postconviction relief proceedings.

The state expressly joins the defendants in the goal of protecting defendants' fair opportunity to pursue postconviction relief as of right.[12] As the state appreciates, the federal constitutional due process guarantee mandates fair procedures on appeals as of right, including appointment of counsel for indigent defendants and effective assistance of counsel.[13] The parties further agree that a circuit court has the power to rule on a defendant's competency when appropriate. As the state acknowledged at oral argument, a circuit court competency ruling may be a useful tool for protecting defendants' rights and interest in postconviction relief proceedings, although the state cautions that such rulings involve cost and logistic problems. Finally, the parties agree that the statutes do not require circuit courts to rule on competency during postconviction relief proceedings.[14]

[12] The right to direct appeal from a criminal conviction is guaranteed by Article I, sec. 21, of the Wisconsin Constitution, and the cases at bar involve defendants's appeals as of right. *State v. Perry,* 136 Wis. 2d 92, 98, 401 N.W.2d 748 (1987).

[13] *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Douglas v. California,* 372 U.S. 353, 357–58 (1963); *Griffin v. Illinois,* 351 U.S. 12, 19 (1956); *State v. Knight,* 168 Wis. 2d 509, 511–12, 484 N.W.2d 540 (1992).

[14] The parties recognize, and we agree, that secs. 971.13 and 971.14, STATS. 1991–92, govern competency determinations only through the sentencing stage of a criminal trial. Although sec. 971.14(1)(a), STATS. 1991–92, mandating competency proceedings, makes no explicit distinction between the defendant's pre-trial and post-sentencing status, the parties and the court agree that sec. 971.14 applies only to defendants who have not yet been sentenced. This conclusion follows from reading sec. 971.14 in its entirety and with sec. 971.13, as well as from the

The real point of difference between the state and the defendants (or at least defendant Debra A.E.) is the way in which courts and counsel should respond to defendants whom a court adjudicates incompetent during postconviction relief proceedings. The defendants argue that, at least before a defendant has filed a notice of appeal or a motion for postconviction relief under sec. 809.30, time intervals for seeking postconviction relief remedies should be enlarged, and the circuit court should order the defendant treated in the least restrictive environment to restore the defendant to competency for purposes of initiating postconviction relief proceedings. Such treatment, according to the defendants, is subject to a defendant's right to refuse treatment. Defense counsels' position is that attempts to render a defendant competent are required to protect a defendant's right to pursue postconviction relief and to receive effective assistance of counsel. The state rejects defendants' view that protecting a defendant's right to pursue postconviction relief requires court-ordered treatment. It argues that incompetent defendants' interests may be protected without a circuit court ordering the state to restore the defendant to competency for purposes of postconviction relief proceedings.

■

The court's goal, then, is to fashion a process through which circuit courts and counsel can manage the postconviction relief of alleged incompetent defendants while protecting defendants' fair opportunity for

legislative history underlying these two sections. For the legislative history, see Judicial Council Insanity Defense Committee Summary of Proceedings, Feb. 20, 1981, at 9; April 24, 1981, at 4–5; May 22, 1981, at 2–3. For commentary on sec. 971.14, see Frederick A. Fosdal & James L. Fullin, *Wisconsin's New Competency to Stand Trial Statute,* Wis. Bar Bull. Oct. 1992, at 10.

postconviction relief and promoting the effective administration of the judicial system. We conclude that ordinarily this process need not include a court order for treatment to restore competency. Meaningful postconviction relief can be provided even though a defendant is incompetent.

The parties' concepts of how circuit courts and counsel should manage the postconviction relief proceedings of alleged incompetent defendants, though divergent on the issue of ordering treatment, intersect at four key points which are the bases of the process we prescribe for managing the postconviction relief of alleged incompetent defendants. The parties agree 1) that defense counsel should proceed with postconviction relief on a defendant's behalf, even if the defendant is incompetent, when issues rest on the trial court record and involve no risk to the defendant; 2) that time intervals for postconviction relief may be enlarged; 3) that defense counsel can seek appointment of a temporary guardian when an incompetent defendant is incapable of making a decision that the law requires the defendant to make;[15] and 4) that a defendant who is incompetent at the time postconviction relief is sought should, after regaining competency, be allowed to raise issues that could not be raised during postconviction relief proceedings because of incompetency.[16]

---

[15] Debra A.E. urges, however, that a guardian be appointed only when a defendant cannot be restored to competency within a reasonable time.

[16] We have already noted that the parties agree that the federal constitution mandates fair procedures on appeals as of right, including effective assistance of counsel; that the Wisconsin statutes do not require a circuit court to order a competency

These points give shape to the process we prescribe. It is as follows:

*Competency Ruling.* We conclude that after sentencing, if state or defense counsel has a good faith doubt about a defendant's competency to seek postconviction relief, counsel should advise the appropriate court of this doubt on the record and move for a ruling on competency. The court shall honor the request when the court has reason to doubt a defendant's competency.[17] Reason to doubt a defendant's competency may be raised, for example, by a motion setting forth grounds for belief that the defendant lacks competency, by evidence presented in the proceedings, by the defendant's colloquies with the court, or by the defendant's courtroom demeanor.[18] The court may, sua sponte, raise the issue of reason to doubt a defendant's competency.

If the court determines that a reason to doubt a defendant's competency exists, it shall, as an exercise of its discretion, determine the method for evaluating a defendant's competency, considering the facts before it

---

determination; and that a circuit court may rule on a defendant's competency during postconviction relief proceedings.

[17] This "reason to doubt standard" is the same as provided for proceedings to determine competency to proceed with trial. Section 971.14, STATS. 1991–92. *See State v. McKnight,* 65 Wis. 2d 582, 594–95, 223 N.W.2d 550 (1974); Thomas Grisso, Evaluating Competencies: Forensic Assessments and Instruments 64 (1986) (noting that the standard to decide whether an inquiry into a defendant's competency is necessary demands less evidence of disability than the ruling on competency itself).

[18] *See* Judicial Council Committee Note—1981, to sec. 971.14, West's Wis. Stats. Annot. (1985).

and the goals of a competency ruling. The method of evaluation will vary depending on the facts and on whether and where the defendant is incarcerated. A court may rely on the affidavits of counsel, a stipulation, or the court's observance of the defendant, or may order an examination of the defendant by a person with specialized knowledge. A circuit court may also, in its discretion, hold a hearing before determining a defendant's competency. In conducting any hearing the circuit court should be guided by sec. 971.14(4), STATS. 1991–92, to the extent feasible.

■

A ruling on a defendant's competency during postconviction proceedings serves three purposes. One, it sets the stage for defense counsel to seek appointment of a temporary guardian to make decisions that are committed by law to the defendant personally, not to counsel.

■

Two, a ruling on competency during postconviction relief proceedings enables a circuit court to consider a defendant's assertion at a later proceeding, such as a sec. 974.06 motion, that the defendant did not raise an issue at an earlier proceeding because he or she was incompetent. The state argues that a competency determination may not be needed. The state assumes that a defendant seeking to raise new issues at a later proceeding will not have difficulty proving prior incompetency.[19] However, "a retrospective determination of

---

[19] Some courts have taken the position the state poses and have concluded that no competency evaluation is necessary because defendants can raise issues when they regain competency that were not raised during earlier postconviction proceedings because of the defendants' incompetency. The courts do not discuss the problem of how incompetency is proved

an accused's competency . . . is inherently difficult."[20] Assessing competency during postconviction relief proceedings creates a record of a defendant's mental capacity, thus eliminating the difficulty of attempting to measure that capacity months or years after the period in question.

Three, a competency determination may aid a circuit court in determining whether "it appears that counsel is necessary" in a later sec. 974.06 motion.[21]

*Continuation of Postconviction Relief Proceedings.* Pending the determination of competency and even after a determination of incompetency, defense counsel should initiate or continue postconviction relief on a defendant's behalf when any issues rest on the circuit court record, do not necessitate the defendant's assistance or decisionmaking, and involve no risk to the defendant.[22] We agree with the parties that requir-

---

after the period in question. *See People v. Kelly,* 822 P.2d 385, 414 (Cal. 1992), *cert. den.* 113 S. Ct. 232 (1992), and *Fisher v. State,* 845 P.2d 1272, 1277 (Okla. Crim. App. 1992), *cert. den.* 113 S. Ct. 3014 (1993).

[20] *State v. Johnson,* 133 Wis. 2d 207, 224, 395 N.W.2d 176 (1986) (referring to competency at trial and citing *Pate v. Robinson,* 383 U.S. 375, 387 (1966)); *Drope v. Missouri,* 420 U.S. 162, 183 (1975); *Dusky v. United States,* 362 U.S. 402, 403 (1960)).

[21] Section 974.06(3)(b), STATS. 1991–92, provides as follows: "Unless the motion and the files and records of the action conclusively show that the person is entitled to no relief, the court shall . . . [i]f it appears that counsel is necessary and if the defendant claims to or appears to be indigent, refer the person to the state public defender for an indigency determination and appointment of counsel under ch. 977."

[22] The American Bar Association Criminal Justice Mental Health Standards also urge the continuation of an incompetent.

ing defense counsel to go forward with postconviction relief to the extent feasible ensures that an alleged incompetent or incompetent defendant will not suffer from the delay of meritorious claims.[23]

*Continuances or Enlargement of Time Limits.* Pending a ruling on a defendant's competency or after a ruling of incompetency, if defense counsel cannot initiate or continue postconviction relief on the defendant's behalf because issues necessitate defendant's assistance or decisionmaking, defense counsel may request a continuance or enlargement of time for filing the necessary notices or motions for postconviction relief. Section 809.82(2), STATS. 1991–92.[24]

defendant's postconviction relief, stating that "[c]ounsel for the defendant should proceed to prosecute the appeal on behalf of the defendant despite the defendant's incompetence and should raise on such appeal all issues deemed by counsel to be appropriate." Standard 7–5.4.(b)(ii).

[23] Two courts have concluded that no competency evaluation should be ordered during postconviction relief, basing their conclusion on the misguided premise that postconviction proceedings will halt if a competency evaluation reveals the defendant to be incompetent. These courts concluded that a suspension would work to defendant's detriment because even an appeal based on clear error could not proceed. *State v. White,* 815 P.2d 869, 878 (Ariz. 1991), *cert. den.* 112 S. Ct. 1199 (1992), abrogated on other grounds, *State v. Salazar,* 844 P.2d 566 (Ariz. 1992); *People v. Newton,* 394 N.W.2d 463, 466 (Mich. Ct. App. 1986), vacated on other grounds, 399 N.W.2d 28 (Mich. 1987).

[24] Commentary to the American Bar Association Criminal Justice Mental Health Standards advises that "[i]ncompetency should not be a ground to stay appellate proceedings. . . ." Nonetheless, the standard recognizes that a defendant's incompetency may prevent counsel from prosecuting the appeal

*Appointing Temporary Guardians.* If a defendant is ruled incompetent, defense counsel may request the appointment of a guardian to make decisions that the law requires the defendant to make. Section 880.15, STATS. 1991–92. *See also* sec. 880.33(3), STATS. 1991–92. Supreme Court Rule 20:1.14(b) provides that "[a] lawyer may seek the appointment of a guardian or take other protective action with respect to a client, only when the lawyer reasonably believes that the client cannot adequately act in the client's own interest." This rule suggests the appointment of a temporary guardian to instruct defense counsel whether to initiate postconviction relief and, if so, what objectives to seek.

*Raising Issues after Regaining Competency.* Defendants who are incompetent at the time they seek postconviction relief should, after regaining competency, be allowed to raise issues at a later proceeding that could not have been raised earlier because of incompetency.[25] In *State v. Escalona-Naranjo,* 185 Wis. 2d 169, 517 N.W.2d 157 (1994), the court held that a defendant could not raise an ineffective assistance of counsel claim in a sec. 974.06 motion when the issue could have been raised on direct appeal. The state con-

---

of some issues. The standard recommends that the resolution is to provide for postconviction review after a defendant attains competency. Standard 7–5.4.

[25] The American Bar Association Criminal Justice Mental Health Standards advise that mental incompetency at the time of an appeal should be cause "to permit the defendant to raise, in a later appeal or action for postconviction relief, any matter not raised on the initial appeal because of the defendant's incompetence." Standard 7–5.4(c).

tends, and we agree, that *Escalona* will not bar an incompetent defendant from invoking sec. 974.06 after being restored to competency. An issue not raised during postconviction relief because of a defendant's incompetency cannot be equated with an issue that could have been, but was not, litigated on direct appeal.

The defendants argue that because an incompetent defendant, upon regaining competency, is limited to sec. 974.06 and habeas corpus relief, such a defendant may lose the right to litigate on direct appeal under sec. 809.30 nonconstitutional issues which could not be raised because of incompetency. We understand the defendants' concern. However, defendants have not been able to identify a nonconstitutional issue that cannot be raised on direct appeal due to a defendant's incompetency. Absent even a hypothetical to illustrate this contention, this court cannot decide what steps, if any, would be necessary to protect such a defendant's right to appeal on nonconstitutional grounds.

The process we prescribe, supported by significant consensus of the parties, satisfies the interests of alleged incompetent defendants and the public in expediting postconviction relief and reaching a final determination on the merits. Accordingly, we reverse the orders denying Nesja and Debra A.E. competency proceedings and direct the circuit courts and counsel to proceed in each of these cases in a manner consistent with this opinion.

## III.

Finally, we address the second issue presented by defendant Nesja, of whether this court should consider his pro se brief despite the fact that his counsel

appointed by the State Public Defender's Office has also filed a brief on his behalf.

The jurisdictions that have considered whether a defendant is entitled to this "hybrid" or "dual" representation on appeal have concluded that a defendant represented by counsel has no right to supplement counsel's brief with a pro se brief.[26] This is an issue of

[26] *See, e.g., Hayes v. Hawes,* 921 F.2d 100, 102 (7th Cir. 1990) (concluding that "there is no Sixth Amendment right to file a pro se brief when the appellant is represented by counsel"); *United States v. Payton,* 918 F.2d 54, 56 n.2 (8th Cir. 1990) (reiterating the eighth circuit policy of not accepting pro se briefs from a party who is represented by counsel); *Holland v. State,* 615 So. 2d 1313, 1320 (Ala. Crim. App. 1993) (holding that a defendant does not have the right, under either the federal or state constitution, to "hybrid representation"); *Locklear v. State,* 716 S.W.2d 766, 766 (Ark. 1986) (holding that the court will consider defendant's pro se brief upon showing that counsel has omitted an issue on which the defendant is likely to prevail); *Dokes v. State,* 772 S.W.2d 583, 584 (Ark. 1989) (to file pro se brief defendant must clearly show that counsel's brief is deficient); *People v. Clark,* 833 P.2d 561, 638 (Cal. 1992), *cert. den.* 113 S. Ct. 1604 (1993) (striking briefs filed pro se by defendant when represented by counsel); *Whitfield v. State,* 517 So. 2d 23, 23 (Fla. Dist. Ct. App. 1987) (concluding that no constitutional right exists for representation both by counsel and defendant); *Boyd v. State,* 395 S.E.2d 7, 8 (Ga. Ct. App. 1990) (concluding that a defendant does not have a right to be represented both by counsel and self); *Morse v. State,* 593 N.E.2d 194, 197 (Ind. 1992) (concluding that pro se brief not to be considered when defendant represented by counsel except when defendant's brief challenges constitutionality of a statute); *Commonwealth v. Reid,* 642 A.2d 453, 462 (Pa. 1994), *cert. den.* 115 S. Ct. 268 (1994) (holding there is no constitutional right to hybrid representation); *Rosales v. State,* 841 S.W.2d 368, 383 (Tex. Crim. App. 1992), *cert. den.* 114 S. Ct. 393 (1993) (stating the defendant has no right to hybrid representation).

first impression in Wisconsin, although the court has held that no constitutional right exists to hybrid representation at trial.[27]

We conclude that a defendant does not have a constitutional right to hybrid representation on appeal or review by this court. Rejecting a constitutional right to hybrid representation promotes orderly postconviction relief proceedings for several reasons. First, the focus of an appeal is primarily on the law. A defendant is not likely to have the same understanding of the law as an attorney does. Second, the arguments raised in a pro se brief may contradict and undermine the issues advanced in counsel's brief. Third, the consideration of every argument that a defendant chooses to raise, in addition to those an attorney submits, could strain judicial resources. Finally, a defendant represented by counsel has alternative means of advancing issues a court should consider. The defendant may terminate appellate counsel's representation and proceed pro se, or the defendant may allow postconviction relief to continue based on counsel's brief and then seek relief on the grounds of ineffective assistance of appellate counsel.

Even though a defendant represented by counsel does not have a constitutional right to file a pro se brief on appeal when counsel has filed a brief, a court is not precluded from exercising its discretion to accept and consider a defendant's pro se appellate brief.[28] To avoid

[27] *Moore v. State,* 83 Wis. 2d 285, 297–302, 265 N.W.2d 540 (1978), *cert. den.* 439 U.S. 956 (1978).

[28] *Hayes,* 921 F.2d at 102 (noting that nothing prohibits an appellate court from considering the arguments in the pro se brief of a defendant who is represented by counsel); *Payton,* 918

possible further litigation, we shall consider Nesja's pro se brief.[29]

■

Nesja's pro se brief is not easy to understand. Nesja appears to challenge the bench trial, given that Judge Naze was the Brown county district attorney when Nesja was prosecuted in a previous criminal case.[30] We conclude that this claim has no merit. Section 757.19(2)(c), STATS. 1991–92, which mandates

---

F.2d at 56 (accepting pro se brief despite general rule against considering pro se briefs of a party represented by counsel); *Clark,* 833 P.2d at 638 (allowing pro se brief by represented party when brief concerns party's counsel); *Whitfield,* 517 So. 2d at 24 (implying that court will accept pro se brief of a defendant represented by counsel when defendant presents compelling circumstances); *Morse,* 593 N.E.2d at 197 (accepting pro se brief when brief challenges constitutionality of a statute); *Rosales,* 841 S.W.2d at 383 (considers as a matter of discretion defendant's pro se brief); *Dokes,* 772 S.W.2d at 584 (stating that defendant can file pro se brief upon clearly showing that counsel's brief is deficient).

[29] The state requests that we refuse to consider Nesja's pro se brief because it does not comply with the rules for briefs set forth in sec. 809.19, STATS. 1991–92. As we concluded in *bin-Rilla v. Israel,* 113 Wis. 2d 514, 520, 335 N.W.2d 384 (1983), cited by the state in its brief, "[w]e have long adhered to the view that *pro se* prisoner complaints, whether offered in petition or any other form . . . must be construed liberally to determine if the complaint states any facts giving rise to a cause of action." Although Nesja's pro se brief is difficult to understand and falls far short of conforming to the rules of sec. 809.19, we are not required to penalize Nesja under sec. 809.83(2) by striking his brief.

[30] Nesja's counsel filed a postconviction motion seeking a new trial based on the same claim. The circuit court denied this motion in an order dated March 4, 1993, and counsel does not argue this ground on this appeal.

disqualification when a judge previously acted as counsel to any party in the *same* action or proceeding, is not applicable. There is no showing that Judge Naze had acquired any knowledge about the case at bar while he was district attorney. Furthermore, there is no showing that Judge Naze determined that he could not, or it appeared that he could not, act in an impartial manner. Section 757.19(2)(g), STATS. 1991–92; Jeffrey M. Shaman, Steven Lubet, and James J. Alfini, *Judicial Conduct and Ethics,* secs. 5.10, 5.16 (1990).

Nesja's second argument appears to be that his conviction should be reversed because the time periods for postconviction relief were enlarged. Nesja shows no prejudice from any delay, and therefore this claim has no merit.

For the reasons set forth, we reverse the circuit courts' orders denying Nesja's and Debra A.E.'s motions for competency proceedings. We conclude that a circuit court should rule on defendants' competency when there is reason to doubt a defendant's competency. Accordingly we reverse the orders of the circuit courts and remand the matters for proceedings consistent with this opinion.

*By the Court.*—The orders of the circuit courts are reversed and the causes remanded.