STATE of Wisconsin, Plaintiff-Respondent,

v.

Roddee W. DANIEL, Defendant-Appellant.†

Court of Appeals

*No. 2012AP2692–CR. Submitted on briefs January 16, 2014.
—Decided April 9, 2014.*

2014 WI App 46

(Also reported in 847 N.W.2d 855.)

† Petition for Review granted September 18, 2014.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Anthony J. Jurek* of *Law Office of Anthony J. Jurek*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Marguerite M. Moeller*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J. This appeal addresses the burden of proof when the competency of a criminal defendant is raised in a postconviction proceeding. Roddee Daniel, a diagnosed schizophrenic, was sentenced to life in prison. Daniel's postconviction counsel questioned Daniel's ability to understand his Wis. Stat. § 809.30 (2011–12)[1] appellate rights and also questioned Daniel's ability to effectively communicate with counsel. Daniel told the court that he was competent and therefore the State did not present any evidence on Daniel's competency. The circuit court scheduled an evidentiary hearing and placed the burden of persuasion upon Daniel's counsel to prove Daniel's incompetency by "clear and convincing evidence."

¶ 2. We conclude that a court may allocate the burden of persuasion to the defendant (or defense counsel) in a postconviction competency proceeding, but must utilize the lower "preponderance/greater weight of the evidence" burden of proof when doing so. The circuit court erred by imposing the middle "clear and convincing" evidence standard; we reverse and remand to the circuit court, restoring Daniel's Wis. Stat. § 809.30 time limits. Daniel's competency, if questioned upon remand, shall be addressed de novo by the court.

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

*Facts*

¶ 3. Daniel was charged with being a party to the crime of first-degree intentional homicide and of burglary while armed with a dangerous weapon. Daniel's competency was questioned prior to trial, but he was found competent to stand trial.[2] Daniel was convicted of the charged crimes and sentenced to life in prison without extended supervision. Subsequent to sentencing, Daniel's postconviction counsel questioned Daniel's competency to appeal. The circuit court ordered a competency examination and held an evidentiary hearing.

¶ 4. At the outset of the postconviction competency hearing, the court asked Daniel whether he was competent to make decisions related to his appeal, and Daniel answered, "Yeah." Daniel's counsel then asked Daniel a number of questions to elicit Daniel's understanding of the appeal process. The court denied the State's request for a directed verdict on the issue of Daniel's competence after Daniel's counsel stated that he wished to provide further evidence. The court initially placed the burden on Daniel's counsel to prove Daniel's incompetence by the "preponderance of the evidence."

¶ 5. Daniel's counsel called a number of witnesses, including competing experts, whose testimony weighed both for and against Daniel's postconviction competency. Following testimony, the court had the parties submit closing arguments in writing. Daniel's

---

[2] The record does not include an order on Daniel's competency to stand trial; however, neither party disputes that the court determined Daniel was competent following a request by Daniel's trial counsel for a competency evaluation and a court-ordered competency evaluation finding Daniel competent to stand trial.

counsel argued that he had proved Daniel's incompetence "beyond any reasonable doubt" and that the statute established the burden for showing incompetency was by the "clear and convincing" evidence standard. The State agreed that the standard required of Daniel's counsel was the "clear and convincing evidence" standard. In its oral ruling, the court concluded that Daniel was competent as "the defense had not met their burden to prove that he is incompetent by clear and convincing evidence." Daniel appeals.[3]

## Standard of Review

¶ 6. Our statutes and case law are silent on the standards and methods for determining the competence of a defendant during a postconviction proceeding. The question presented is a question of law that we review independently of the circuit court. *See State ex rel. Vanderbeke v. Endicott*, 210 Wis. 2d 502, 506, 563 N.W.2d 883 (1997).

## Discussion

■■

¶ 7. A postconviction defendant's competency is measured by whether he or she is able to assist counsel and make decisions pertaining to the criminal process "with a reasonable degree of rational understanding." *State v. Debra A.E.*, 188 Wis. 2d 111, 126, 523 N.W.2d 727 (1994). In *Debra A.E.*, our supreme court addressed competency in the postconviction setting and held that a circuit court should determine competency whenever it has reason to doubt a criminal defendant's compe-

---

[3] We granted leave to appeal pursuant to WIS. STAT. RULE 809.50(3).

tence. *Id.* at 119. The method of determining competency in the postconviction setting was not at issue in *Debra A.E.* and therefore little guidance was offered by the court other than that the determination of competency requires an exercise of discretion, which "will vary depending on the facts," and that if an evidentiary hearing is held, the court "should be guided by [WIS. STAT. §] 971.14(4) . . . to the extent feasible." *Debra A.E.*, 188 Wis. 2d at 131–32.

¶ 8. WISCONSIN STAT. § 971.14(4) is not helpful to our facts as § 971.14(4), which governs competency decisions only through the sentencing stage of a criminal trial, *see Debra A.E.*, 188 Wis. 2d at 128 n.14, places the burden of persuasion upon the State regardless of whether the defendant claims to be competent or incompetent.[4] No state statute addresses how to determine a defendant's postconviction competency, and *Debra A.E.* does not address the burden of persuasion to be applied in making the postconviction competency determination.

■

¶ 9. The unique facts presented here thus raise a question of first impression in this state as to the proper

---

[4] Two scenarios are presented in WIS. STAT. § 971.14(4)(b): where the defendant claims to be incompetent, the State must prove "by the greater weight of the credible evidence" that the defendant is competent; and where the State believes the defendant is incompetent despite the defendant's claim of competency, the State bears the higher (middle) burden of proving by "clear and convincing" evidence that the defendant is incompetent. The differing burdens of proof at the trial stage serve the twin due process goals of protecting an incompetent defendant's right not to be tried while incompetent and the preconviction defendant's right to liberty by reducing the risk of committing a competent person. *State v. Wanta*, 224 Wis. 2d 679, 695, 592 N.W.2d 645 (Ct. App. 1999).

burden of persuasion[5] in a postconviction proceeding when the burden is placed upon the defendant (or defense counsel) to prove the defendant's incompetence. Our answer is found in *Cooper v. Oklahoma,* 517 U.S. 348 (1996), which addressed Oklahoma's statutory requirement presuming a defendant to be competent to stand trial unless the defendant proved his or her incompetence by clear and convincing evidence.

¶ 10. *Cooper* concluded that while it was proper to place the burden of proof upon Cooper, it was improper to impose the "clear and convincing" standard rather than the lower "more likely than not" standard. *Id.* at 366–67, 369. The higher burden of persuasion violated Cooper's right to due process under the Fourteenth Amendment as the "practice of requiring the defendant to prove incompetence by clear and convincing evidence imposes a significant risk of an erroneous determination that the defendant is competent." *Id.* at 363. *Cooper* found "no sound basis for allocating to the criminal defendant the large share of the risk" accompanying a clear and convincing evidence standard, *id.* at 366, and that "an erroneous determination of competence threatens a 'fundamental component of our criminal justice system'—the basic fairness of the trial itself," *id.* at 364.

¶ 11. Although *Cooper* dealt with the test for competence to stand trial rather than competence in a postconviction proceeding, we see no distinction in the difference. The right to direct appeal from a criminal conviction is guaranteed by article I, section 21 of the Wisconsin Constitution. *See State v. Perry,* 136 Wis. 2d 92, 98, 401 N.W.2d 748 (1987). Wisconsin Stat. § 809.30

---

[5] Daniel's counsel had already met the burden of production necessary to have the court order a competency examination and schedule an evidentiary hearing on Daniel's competence.

codifies that right. Competence during the constitutionally guaranteed direct appeal is equally as important and worthy of protection as is competence to stand trial. *See Debra A.E.*, 188 Wis. 2d at 119, 129–30 (incompetent defendants have right to "fair opportunity" for postconviction relief). Placing a higher burden of persuasion on the defense to prove the defendant's incompetence, whether at trial or upon direct appeal, risks denying constitutional protections to a defendant who is more likely than not (although not clearly and convincingly) incompetent. *See id.* at 133–36 (outlining protections available for incompetent defendants in postconviction proceedings). We may not impose procedural burdens incompatible with the United States Constitution. *State v. Byrge*, 2000 WI 101, ¶ 28 n.7, 237 Wis. 2d 197, 614 N.W.2d 477.

■

¶ 12. In light of our conclusion that the circuit court committed clear error by relying on a mistake of law in determining Daniel's competency, the question remains whether the court would have found Daniel competent had it applied the correct legal standard, i.e., whether the error was harmless. A court's use of an unconstitutional burden of proof in such a competency determination cannot be deemed harmless when the facts of the case show that the court's conclusion might have been different under a correct burden of proof. *United States ex rel. Bilyew v. Franzen*, 686 F.2d 1238, 1246 (7th Cir. 1982). If we are unable to determine from the record whether the error was harmless, we may remand for the circuit court to apply the proper legal standard to the facts of the case. *See State v. Klessig*, 211 Wis. 2d 194, 213, 564 N.W.2d 716 (1997).

██

¶ 13. Our supreme court has granted a high level of deference to a circuit court's competency decision, committing the ultimate legal conclusion to the sound discretion of the circuit court. *Byrge*, 237 Wis. 2d 197, ¶ 45. The reason for this unusually high level of deference is due to the circuit court's superior position to assess witness credibility and demeanor. *Id.* The State concedes that Daniel's competency is a "close question." Although there was evidence to support the court's decision, there was also evidence to support the position urged by Daniel's counsel, and we cannot conclude that the court would have made the same decision had it applied the correct burden of proof. *See Franzen*, 686 F.2d at 1246. Therefore, we cannot conclude that the court's use of the clear and convincing standard was harmless.

## Conclusion

¶ 14. We remand to the circuit court to apply the correct standard if Daniel's competency is still questioned. We reinstate Daniel's Wis. Stat. § 809.30 time limits.

*By the Court.*—Order reversed and cause remanded with directions.

¶ 15. NEUBAUER, P.J. (*concurring*). If defense counsel and the defendant agreed regarding competency, the evidentiary hearing should be guided, under *State v. Debra A.E.*, 188 Wis. 2d 111, 128 n.14, 131–32, 523 N.W.2d 727 (1994), by Wis. Stat. § 971.14(4), "to the extent feasible." Under para. (b), the State bears the burden of proof whether the defendant claims to be competent or incompetent. What makes this case different from those scenarios described in para. (b), aside

from its postconviction timeline, is that defense counsel does not agree with the defendant regarding competency. Thus, as the majority concludes, when the defendant claims to be competent but defense counsel argues that the defendant is incompetent, the burden may be placed on defense counsel, instead of the defendant himself, to prove incompetence by the preponderance of the evidence. This allocation of the burden of production and proof makes sense, because the defendant and the State both maintain the defendant is competent. As the party objecting to the defendant's position, defense counsel bears the burden of proof. Such an allocation of the burden does not violate the defendant's due process rights. *See, e.g., Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996) ("[A] State may presume that the defendant is competent and require him to shoulder the burden of proving his incompetence by a preponderance of the evidence.").