at approximately twelve to sixteen miles per hour in medium, well-spaced traffic. Although the posted speed limit was fifty miles per hour, the vehicle carried a slow-moving-vehicle emblem. Mr. Burt further testified that he saw a small white or gray car come from the second lane toward the sweeper, which was in the first lane, and he then felt a crash. He grabbed the steering wheel and applied the brakes.

When the sweeper came to a stop, it was obstructing the third lane and part of the second lane of the highway. As he was about to alight from the vehicle and set up flares, he heard screeching brakes and saw a car in the second lane skidding toward the sweeper. The defendant Norman Oliveira was operating that car, which struck the sweeper. Mr. Burt heard screeching brakes again, and a vehicle that defendant Daniel Elderkin was operating then struck the sweeper. Mr. Burt suffered headaches, pain in his arm and back, pain and immobility of the neck, and numbness in his left hand, among other things.

When ruling on a motion for a directed verdict, the trial justice and, subsequently, this court on review, must consider the evidence in the light most favorable to the nonmoving party, without passing on its credibility, and must draw all reasonable inferences in favor of the nonmoving party. *See Reccko v. Criss Cadillac Co.,* 610 A.2d 542, 544 (R.I.1992). If issues of fact remain upon which reasonable persons may differ, the motion for a directed verdict should be denied and the issues must be submitted to the jury. *See id.* The trial court may direct a verdict " '[o]nly when the evidence is insufficient at law to support a verdict in the opposing party's favor[.]' " *See Kennedy v. Tempest,* 594 A.2d 385, 388 (R.I.1991).

The trial justice found that he had difficulty drawing an inference in favor of plaintiffs that Mr. Burt's version of the collision took place. He was concerned that, among other things, although Mr. Burt alleged that the sweeper had been struck by an unidentified car, no debris was left on the highway from that impact. He also concluded that after reviewing the evidence he found no issues upon which reasonable persons might draw conflicting conclusions. After completing our review of the evidence in accordance with our standard of review, we agree with the trial justice. We are persuaded that the evidence that plaintiffs presented was insufficient to support a verdict in their favor.

After hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. Consequently, the plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

### In re CORY C.

#### No. 93–690–Appeal.

Supreme Court of Rhode Island.

May 18, 1994.

Rossie Lee Harris, Jr., Lauren Koshgarian, Anthony Angeli, Jr.

Paula Rosin, Janice Weisfeld.

#### ORDER

This case came before the Supreme Court for oral argument on May 11, 1994, pursuant to an order directing the parties to show cause why the issues raised on appeal by Joanne Castelucci, the respondent, should not be summarily decided. The respondent appealed the Family Court's decree that terminated her parental rights to her son, Cory C., and challenged the order that allowed disclosure of her drug treatment records to the petitioner, the Department for Children, Youth and Their Families (DCYF).

After reviewing the memoranda submitted by the parties and after consideration of the arguments of counsel for the parties, we are of the opinion that cause has not been shown, and the case will be summarily decided.

As part of its petition for termination of respondent's parental rights, DCYF request-

ed the drug treatment records from programs that respondent had attended. In response, representatives of two drug treatment programs filed motions to quash, and argued that pursuant to 42 U.S.C. §§ 290dd–3 and 290ee–3 (1991), such records could not be released without a showing of "good cause" by the party seeking the records. Under General Laws 1956 (1988 Reenactment) § 15–7–7, drug treatment records are admissible at a parental rights termination hearing.

We are of the opinion that DCYF presented sufficient "good cause" for inspecting the records, and that the Family Court took sufficient steps to limit disclosure and protect the respondent's records in accordance with the applicable law. Because the respondent's drug use was a critical reason that DCYF sought termination, the Family Court's release of the records under the federal and state statutes was appropriate and helped to protect the best interests of the child.

Accordingly, we deny and dismiss the appeal, and affirm the judgment of the Family Court.

## Daniel FERGUSON

v.

## MARSHALL CONTRACTORS d/b/a Algonquin Builders et al.

### No. 93–444–Appeal.

Supreme Court of Rhode Island.

May 18, 1994.

R. Daniel Prentiss.

Michael Colucci, Kathryn Perotta, Stephen Harte.

## ORDER

This case came before the Supreme Court for oral argument on May 11, 1994, pursuant to an order directing the defendant, Marshall Contractors d/b/a Algonquin Builders (Algonquin), to show cause why the issues raised in its appeal should not be summarily decided. Algonquin appealed the denial of its motion for a new trial, and appealed granting a directed verdict in favor of codefendant, Bennington Iron Works.

After consideration of the memoranda submitted by the parties and after hearing the arguments of counsel for the parties, we conclude that cause has not been shown and the issues will be summarily decided.

The plaintiff, Daniel Ferguson, fell through an opening on a mezzanine deck while working on a construction site, resulting in severe bodily injuries. The plaintiff said he had been aware of the opening but has no recollection of the accident, nor was evidence of how plaintiff fell submitted at trial.

The trial justice denied Algonquin's request for instruction on the law of assumption of the risk, and held that plaintiff did not voluntarily assume the risk of falling through the hole by carrying out his employment on the day of the accident. We concur with the trial justice's holding. "In the absence of an express agreement, an individual does not assume the risk of harm arising from another's conduct unless he knows of the existence of the risk and appreciates its unreasonable character." *Rickey v. Boden*, 421 A.2d 539, 543 (R.I.1980). The trial justice appropriately instructed the jury on comparative negligence regarding whether plaintiff was negligent in not avoiding the hole.

Because plaintiff presented no evidence that parties other than Algonquin could have been responsible for the conditions at the work site, the trial justice correctly granted the motion for directed verdict made by codefendant Bennington Iron Works. Algonquin not only did not object to said motion, but joined part of Bennington's argument for the motion. Consequently, Algonquin cannot now object to the directed verdict for the first time on appeal.