**STATE of Maine**

v.

**Mark ELLIS.**

Supreme Judicial Court of Maine.

Argued Dec. 6, 1995.

Decided Jan. 3, 1996.

R. Christopher Almy, District Attorney, Bangor, for the State.

Pamela J. Ames (orally), Waterville, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant Mark Ellis appeals from the judgment of conviction entered in the Superior Court (Penobscot County, *Kravchuk, J.*) following a jury verdict finding him guilty of

---

gross sexual assault, 17–A M.R.S.A. § 253(1)(B) (Supp.1994). Defendant contends that the court erred in determining the competence of the witnesses and in disallowing the testimony of an expert witness. Finding no error, we affirm the judgment.

The relevant facts may be summarized as follows: In 1993 defendant spent the night at a couple's apartment in Bangor. He occupied an upstairs guest bedroom, adjacent to a bedroom used by the couple's daughters, ages seven and five. Defendant went to bed around midnight.

At the trial the court examined both child witnesses and found them competent to testify. The five-year-old testified that at 4:00 a.m. she saw her sister on the bed with defendant and ran downstairs to tell her father. The father testified that he went upstairs, turned on the light in the guest room, and saw his daughter in bed with defendant. The police were called and she was taken to a hospital and examined.

The seven-year-old daughter testified to the assault, and evidence of her medical examination revealed erythema in the vaginal area. In addition, semen stains were found on the sweatpants defendant was wearing and on the blanket on his bed. Defendant offered expert testimony of a psychologist regarding the testimony of the children. His offer was rejected. The jury returned a verdict of guilty and defendant appeals.

■ Defendant first argues that both girls were incompetent to testify pursuant to M.R.Evid. 601(b)(4), which provides that a person is disqualified as a witness if the court finds that he or she lacks any reasonable ability to remember the matter. A court's ruling on competency is factual, and we review such a determination for clear error. *State v. Mazerolle,* 614 A.2d 68, 71 (Me.1992).

Defendant relies on *State v. Rippy,* 626 A.2d 334 (Me.1993) to support his contention that the children were incompetent. In *Rippy* we vacated a trial court's determination that the child victim, who was four at the time of the alleged sexual assault and eleven at the time of trial, was competent to testify. Although the victim in *Rippy* testified about the assault in detail during voir dire, she could remember nothing else about her life at the time of the assault. *Rippy,* 626 A.2d at 336–37.

■ Unlike *Rippy,* where eight years had passed between the time of the assault and the time of the testimony, here we are dealing with only a nine month delay. The children testified about other aspects of their life at the time of the assault and demonstrated reasonable ability to remember the incident. We find no error in the court's determinations of competency.

■ Defendant next assigns as error the court's denial of his offer of expert testimony.[1] Defendant called a psychologist as an expert witness and offered testimony that young children are more susceptible to suggestions than older children or adults, that children will sometimes give an answer they think is expected, and that leading questions increase the possibility of suggestion. In addition, the witness was prepared to testify that one study suggested that there could be distortion in children's reports of sexual contact. The court concluded that "there is nothing beyond common knowledge in the proposition that repetitive ... or suggestive interviewing techniques could impair a child's recollection or prompt false accusations."

The court did not err nor abuse its discretion. In *State v. Gordius,* 544 A.2d 309 (Me.1988), we dealt with a similar situation and held that "[i]mpressions gleaned from clinical experience or individual case studies concerning the possibility of false allegation offer no inherent advantage over the knowledge possessed by ordinary lay people." *Id.* at 311. Defendant was entitled to explore the interviewing techniques that were used and to argue to the jury that they may have influenced the children's testimony. Defendant was not entitled to have his argument buttressed by the presentation of common

---

1. M.R.Evid. 702 provides:
   If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise.

knowledge in the form of an expert scientific opinion. *See* Kermit v. Lipez, *The Child Witness in Sexual Abuse Cases in Maine,* 42 Me.L.Rev. 283, 333 (1990).

Defendant's remaining arguments are without merit.

The entry is:

Judgment affirmed.

All concurring.