2011 ME 113

**David R. HARADEN**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued: May 11, 2011.

Decided: Nov. 17, 2011.

Thomas J. Connolly, Esq. (orally), Portland, for appellant David R. Haraden.

William J. Schneider, Attorney General, and Donald W. Macomber, Asst. Atty. Gen. (orally), Augusta, for appellee State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] David R. Haraden seeks review of an order of the Superior Court (Cumberland County, *Crowley, J.*) finding him incompetent to proceed with a portion of his petition for post-conviction review of his 2006 conviction for murder, 17–A M.R.S. § 201(1)(A), (B) (2010). We granted Haraden a certificate of probable cause naming four issues for consideration: whether (1) the appeal is interlocutory; (2) competency may be determined in post-conviction proceedings; (3) there is sufficient evidence in the record to support the court's finding that Haraden is incompetent; and (4) the court erred in remanding Haraden to the custody of the Department of Corrections (DOC) rather than the Department of Health and Human Services (DHHS). Although we conclude that this interlocutory appeal falls within the collateral order exception, that competence may be considered in post-conviction proceedings, that the court's finding that Haraden is incompetent is supported by the record, and that Haraden must remain in the custody of the Department of Corrections, we must vacate a portion of the judgment to require Haraden to proceed on even those post-conviction claims that may be affected by his lack of competence.

## I. BACKGROUND

[¶ 2] In 2006, Haraden was convicted of murder, 17–A M.R.S. § 201(1)(A), (B), following a jury trial. The court sentenced Haraden to fifty-two years in jail. We affirmed his conviction on a direct appeal. *State v. Haraden,* Mem–07–34 (Feb. 8, 2007).

[¶ 3] In February 2008, Haraden initiated timely post-conviction proceedings in which he alleged that he had received ineffective assistance of counsel during his trial and appeal. *See* 15 M.R.S. §§ 2128(5), 2129(1) (2010); M.R.Crim. P. 67. On Haraden's motion, the court ordered Haraden to undergo a mental examination to determine his competence to proceed with post-conviction proceedings.

[¶ 4] A State forensic psychologist conducted an examination of Haraden and submitted a report to the court opining that, although not psychotic, Haraden is unable to assist his attorney in the post-conviction process. The court conducted an evidentiary hearing on the issue of competence and, consistent with the psychologist's report, found that Haraden was incompetent to proceed "with his post conviction fact-based challenge to his conviction for murder due to his inability to cooperate and assist his attorney in a rational and reasonable manner." The court then bifurcated Haraden's claims, deciding against Haraden on the claim that was based solely on legal argument, and continuing those based on factual contentions for review once Haraden regains competence.[1] The court remanded Haraden "to the Department of Corrections to complete his sentence until such time as the sentence is fully served or he is afforded post conviction relief resulting in an order affecting his conviction or sentence."

[¶ 5] After reviewing Haraden's memorandum in support of his request for a certificate of probable cause, we granted him the opportunity to pursue this appeal pursuant to 15 M.R.S. § 2131(1) (2010) and M.R.App. P. 19(f). Although Haraden's memorandum challenged only that aspect of the court's decision remanding him to DOC custody, rather than DHHS custody, because the issue of competence in the area of post-conviction review is one of first impression, we requested that the parties brief additional aspects of this case.

## II. DISCUSSION

[¶ 6] We are called upon in this appeal to determine whether a convicted person has a right to competence in the context of post-conviction review, and if so, what processes are afforded for the determination both of a convicted person's competence and of an incompetent convicted person's post-conviction claims. This presents an issue of law that we review de novo.[2] See James v. State, 2008 ME 122, ¶ 11, 953 A.2d 1152.

[¶ 7] The right to a trial, and the right to be heard at that trial, is granted by the Maine Constitution. Me. Const. art. I, § 6 ("In all criminal prosecutions, the accused shall have a right to be heard by the accused and counsel to the accused, or either, at the election of the accused...."); State v. Ouellette, 2006 ME 81, ¶ 11, 901 A.2d 800. We have long held that "[t]he trial, conviction or sentencing of a person charged with a criminal offense, while he is legally incompetent, violates his constitutional rights of due process" be-

---

1. Haraden does not challenge the court's judgment on his legal post-conviction claim, and therefore we do not address that claim. The court identified three unresolved fact-based claims of ineffective assistance of counsel:

> 1) The failure to investigate and present evidence from Ed Haraden that Maxine Witham recanted her claim of assault by David Har[a]den is preserved for an evidentiary hearing.
>
> 2) The failure to adequately prepare and advise the defendant with respect to his decision whether or not to testify at trial and whether counsel coerced him into not testifying is preserved for trial.

> 3) The failure of counsel to advise defendant with respect to his right to be present at *voir dire* and jury selection is preserved for trial.

2. Because the factual aspects of Haraden's petition for post-conviction review remain pending, the appeal technically is interlocutory. See Estate of Kingsbury, 2008 ME 79, ¶ 4, 946 A.2d 389. We consider the appeal on the merits pursuant to the collateral order exception to the final judgment rule. See Bruesewitz v. Grant, 2007 ME 13, ¶ 7, 912 A.2d 1255.

cause incompetence interferes with the person's right to be heard. *Thursby v. State,* 223 A.2d 61, 66 (Me.1966); *see Drope v. Missouri,* 420 U.S. 162, 181–82, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). A competent defendant is one who is "capable of understanding the nature and object of the charges against him, comprehending his own condition in reference thereto, and cooperating with counsel to conduct a defense in a rational and reasonable manner." *State v. Lewis,* 584 A.2d 622, 624 (Me.1990); *accord Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); 6 Wayne R. LaFave et al., Criminal Procedure § 24.2(g) (3d ed.2007).

■ [¶ 8] Post-conviction review, in contrast, is not a trial or sentencing during which a constitutional right to competence has already been recognized. *See Rohan ex rel. Gates v. Woodford,* 334 F.3d 803, 810 (9th Cir.2003) (noting that collateral review of a criminal conviction is "a secondary and limited component of the criminal justice process where many of the defendant's rights no longer attach" (citation omitted) (quotation marks omitted)); *Pennsylvania v. Haag,* 570 Pa. 289, 809 A.2d 271, 283 (2002) ("States have no constitutional obligation to provide a means for collaterally attacking convictions."). The right to post-conviction review in this case is established by statute. *See* 15 M.R.S. § 2122 (2010).

[¶ 9] There is no reference to competence in the statutory framework of post-conviction review. In affording a procedure for post-conviction review, the Legislature has imposed significant limitations—on the time within which such relief may be sought, 15 M.R.S. § 2128(5), (6) (2010); the number of petitions that may be filed, 15 M.R.S. § 2128(3) (2010); the type of restraint or impediment from which a petitioner must suffer, 15 M.R.S. § 2124 (2010); the nature and scope of claims that may be pursued, 15 M.R.S. §§ 2125, 2126, 2128 (2010); and the type of relief that may be afforded, 15 M.R.S. § 2130 (2010). In addition, a post-conviction petitioner has no right to appeal from a decision denying his petition; review of post-conviction orders is discretionary pursuant to 15 M.R.S. § 2131(1).

[¶ 10] Haraden relies on 15 M.R.S. § 101–D (2010), which sets forth the procedure for determining, *inter alia,* a defendant's competence. Entitled "Mental examination of persons accused of crime," however, section 101–D plainly does not apply to post-conviction petitioners who, by definition, are no longer accused of a crime, but instead have been convicted of a crime. 15 M.R.S. § 101–D. One subsection, 15 M.R.S. § 101–D(9), does discuss a process for handling a competence issue raised after sentencing:

> If the issue of insanity, competency, abnormal condition of mind or any other issue involving the mental condition of the defendant is raised after sentencing, the court may for cause shown order the convicted person to be examined by the State Forensic Service. If at the time an examination order is entered by the court the sentenced person is in execution of a sentence of imprisonment imposed for any criminal conduct, the time limits and bail provisions of this section do not apply.

15 M.R.S. § 101–D(9). Although section 101–D(9), read in isolation, might appear to address the post-sentencing competence of a convicted person, subsection 9 is a portion of the larger context that applies only to the accusation phase of criminal proceedings; we read subsection 9 to address post-sentencing assertions of incompetence at trial or sentencing. Haraden's assertion of post-sentencing incompetence is not addressed by the provisions of section 101–D(9).

 [¶ 11] Although we do not find Haraden's assertions about 15 M.R.S. § 101–D persuasive, we do discern a right to post-conviction competence implied from the statutory right to counsel. Post-conviction petitioners in Maine are expressly afforded a statutory right to counsel: "If the petitioner desires to have counsel appointed, he shall file an affidavit of indigency in the form prescribed by the Supreme Judicial Court." 15 M.R.S. § 2129(1)(B); *see* M.R.Crim. P. 69 (detailing the process for obtaining assigned counsel in post-conviction review). Whether of constitutional or statutory dimension, "the right to counsel is the right to the effective assistance of counsel." *Laferriere v. State*, 1997 ME 169, ¶ 5, 697 A.2d 1301 (quotation marks omitted). Counsel cannot effectively assist his client when the client is unable to meaningfully communicate with counsel.[3] *See id.; Rohan*, 334 F.3d at 808–13 ("[I]f meaningful assistance of counsel is essential to the fair administration of [a criminal process] and capacity for rational communication is essential to meaningful assistance of counsel, it follows that [the legislature's] mandate cannot be faithfully enforced unless courts ensure that a petitioner is competent."). Because post-conviction petitioners have a statutory right to counsel, we conclude that that right to counsel can only be fulfilled when the petitioner is competent. *See Lewis*, 584 A.2d at 624; *see also Ferguson v. Sec'y for the Dep't of Corr.*, 580 F.3d 1183, 1220 n. 54 (11th Cir.2009) (noting that the right to be competent during post-conviction proceedings "appears to stem principally from the right to collateral counsel" pursuant to state statute).

[¶ 12] Having determined that petitioners have a right to post-conviction competence, we must create the applicable procedures in an area in which the Legislature has been entirely silent. Because it is the only statutory mechanism for competence determinations, we import as instructive certain portions of 15 M.R.S. § 101–D.

[¶ 13] When the competence of a post-conviction review petitioner is at issue, the court must order a mental evaluation by the State Forensic Service similar to that mandated by 15 M.R.S. § 101–D(1). This evaluation will regard only the petitioner's competence to proceed with the post-conviction process, not his mental state at the time of the crime or at the time of trial. *See Lewis*, 584 A.2d at 625; *Thursby*, 223 A.2d at 66–71. Once the record concerning the petitioner's competence is developed—by the filing of the mental evaluation report, by evidence admitted at a hearing, or otherwise—the court must make a finding as to whether the petitioner is indeed competent to proceed with his post-conviction petition.

 [¶ 14] A defendant presumed or determined to be competent during trial and sentencing is also presumed to be competent for purposes of post-conviction review. *See State v. Buzynski*, 330 A.2d 422, 425–31 (Me.1974); *Dessaure v. Flori-*

---

3. Factors in determining whether a defendant is able to assist counsel include:

the ability of the defendant to communicate and cooperate with counsel; his ability to maintain a collaborative relationship with his attorney and assist in planning legal strategy; whether he maintains a consistent defense; his ability to recall and relate facts concerning his actions and whereabouts at certain times; his ability to identify witnesses and help counsel locate and examine them[;] his ability to comprehend instructions and advice, and make decisions based on well-explained alternatives, including the entering of pleas and waiving of rights; his ability to follow and interpret witnesses' testimony to inform counsel of contradictions or errors; and his ability to testify himself, if necessary, and be cross-examined.

40 Am.Jur.2d *Proof of Facts* § 171(5) (1984).

*da,* 55 So.3d 478, 482–83 (Fla.2010) ("Once a defendant has been deemed competent, the presumption of competence continues throughout all subsequent proceedings."). Thus, it is the petitioner's burden to establish, by a preponderance of evidence, that he is not competent to proceed with his post-conviction petition. *Accord* 17–A M.R.S. §§ 39(3) 101(2) (2010).

[¶ 15] Notwithstanding the right to competence during post-conviction review, if the court finds that the petitioner is incompetent for post-conviction review purposes,[4] the attorney representing the petitioner still must proceed with all claims to the best of her ability even in the absence of the meaningful assistance of her client.[5] *See Fisher v. Oklahoma,* 845 P.2d 1272, 1277 (Okla.Crim.App.1992) (declining to recognize any requirement for the complete stay of post-conviction review proceedings for an incompetent petitioner); *Haag,* 809 A.2d at 285 ("Unlike trial, collateral review may effectively proceed despite a prisoner's incompetence."); *Wisconsin v. Nesja,* 188 Wis.2d 111, 523 N.W.2d 727, 734 (1994) (noting that "[m]eaningful postconviction relief can be provided even though a defendant is incompetent"). This requirement provides the greatest degree of protection to petitioners who are not competent in that it

allows a court to consider any potentially viable challenges at the earliest possible time, before the arguments and evidence go stale. It also encourages swift and final decision-making on post-conviction petitions. *See Laferriere,* 1997 ME 169, ¶ 8 n. 2, 697 A.2d 1301 ("Every inroad on the concept of finality undermines confidence in the integrity of our procedures ... [and] inevitably delays and impairs the orderly administration of justice." (quotation marks omitted)).

[¶ 16] Whereas proceeding on the merits despite the convicted person's incompetence is the appropriate vehicle for resolving viable post-conviction claims, we also acknowledge the incompetent petitioner's statutory right to meaningfully challenge his conviction, as well as his right to assist his attorney in executing that statutory challenge. *Nesja,* 523 N.W.2d at 734 (discussing the goal of "manag[ing] the postconviction relief of alleged incompetent defendants while protecting defendants' fair opportunity for postconviction relief and promoting the effective administration of the judicial system"). To that end, we also create a modified procedure in which an incompetent post-conviction petitioner has an opportunity to renew his post-conviction challenge if he later regains his competence.[6]

---

**4.** The parties agree that the court properly found Haraden incompetent to proceed with his post-conviction petition; because the court's finding of incompetence is supported by competent record evidence reviewed in a manner consistent with this decision, we need not disturb that portion of the court's judgment. *See State v. Murphy,* 2010 ME 140, ¶ 3, 10 A.3d 697; *State v. Ellis,* 669 A.2d 752, 753 (Me.1996).

**5.** Of course, if the court finds that the convicted person is competent to proceed with his post-conviction petition, the matter continues through the post-conviction process according to 15 M.R.S. §§ 2121–2132 (2010) as if competence were never at issue.

**6.** Although there are many additional sources discussing post-conviction competence, much of that authority has a limited application for having been issued by states that, unlike Maine, have the death penalty. Any right to post-conviction competence in those states is necessarily tinged with the additional considerations of capital punishment, such as the constitutional prohibition on executing an incompetent prisoner, the unique benefits in delaying post-conviction competence determinations, and the existence of additional appeal procedures. *See, e.g., Rohan ex rel. Gates v. Woodford,* 334 F.3d 803 (9th Cir.2003); *Fla. Dep't of Corr. v. Watts,* 800 So.2d 225 (Fla.2001).

[¶ 17] Generally, the statute presents two impediments that might otherwise bar a renewed post-conviction challenge. First is the one-year statute of limitations that applies to all post-conviction petitions. 15 M.R.S. § 2128(5), (6). Second, a convicted person generally may seek post-conviction review only once: "All grounds for relief from a criminal judgment or from a post-sentencing proceeding shall be raised in a single post-conviction review action and any grounds not so raised are waived...." 15 M.R.S. § 2128(3); *see* M.R.Crim. P. 67(b). Any person who attempts to file a second, or untimely, post-conviction petition will have his second petition summarily dismissed. *McEachern v. State*, 456 A.2d 886, 888 (Me.1983).

■ [¶ 18] In recognition of the unique constraints on incompetent post-conviction petitioners, however, we hold that a post-conviction petitioner determined to be incompetent may, once he regains his competence, file a request to reopen his post-conviction review petition to add any new grounds for post-conviction relief that could not have been raised earlier during the post-conviction proceedings because of the petitioner's incompetence, or to supplement the grounds previously asserted by his attorney, even if beyond the one-year filing deadline. *See Nesja*, 523 N.W.2d at 734 (stating that "a defendant who is incompetent at the time postconviction relief is sought should, after regaining competency, be allowed to raise issues that could not be raised during postconviction relief proceedings because of incompetency"). The petitioner must file with his request an affidavit or some verified statement indicating both that (1) he was found to be incompetent at the time of his first petition, and (2) he has regained competence as a result of the passage of time, medical intervention, or some other substantial change. Upon receipt of such a petition,

the reviewing court should assign counsel if counsel has not already been retained. The court will then determine the petitioner's competence—with the aid of another evaluation by the State Forensic Service, as well as a review of any records or other evidence presented by either the petitioner or the State—according to the same process utilized with regard to the initial post-conviction filing. It is the petitioner's burden to establish that he has regained his competence by a preponderance of the evidence.

[¶ 19] If the court determines that the petitioner is competent, the court must then review the petition to determine (1) whether, if the newly asserted evidence or grounds were true, the outcome of the post-conviction judgment would be different, and (2) in the court's discretion and according to equitable principles, which, if any, of the defendant's claims may be pursued despite the intervening delay. If the court determines both that the outcome of the defendant's prior post-conviction petition would be different given the competence of the defendant, and that renewing the petition is equitable, the court shall consider the eligible claims according to 15 M.R.S. §§ 2121–2132. This process affords a previously-incompetent defendant a final opportunity to obtain a post-conviction remedy.

■ [¶ 20] Further, as the court here aptly concluded, the petitioner must remain in DOC custody during the period of his incompetence, and the underlying judgment of conviction and sentence will not be disturbed. Contrary to Haraden's suggestion, we find no constitutional, statutory, or other basis to vacate a defendant's conviction based on his post-trial incompetence, or to remand him to DHHS custody for treatment intended to help him

regain competence.[7] *Cf. Jackson v. Indiana,* 406 U.S. 715, 730–31, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972) (discussing the limits on the duration of the commitment of an incompetent criminal defendant, but only in terms of a defendant who has not yet been convicted of any crime).

[¶ 21] In summary, that part of the court's judgment that preserved Haraden's three fact-based claims is vacated, and we remand the matter to the Superior Court for consideration of those three identified issues.

[¶ 22] Finally, although we recognize that the procedure we adopt today is not an exhaustive discussion of all the possible details of post-conviction incompetence, we anticipate that legislative enactments, the development of the common law, and the thoughtful application of process by the trial courts, based on principles of equity, will provide additional guidance.

The entry is:

Judgment vacated in part and remanded for further proceedings consistent with this opinion.

7. Although we find no basis for remanding Haraden to DHHS custody, we do not limit Haraden's right to mental health care pursuant to 34–A M.R.S. § 3031(2) (2010). At any point, Haraden may also seek mental health treatment pursuant to 34–A M.R.S. § 3069(2) (2010). When the State Forensic Service has found a post-conviction petitioner incompetent and when inpatient treatment for mental illness is required, 34–A M.R.S. § 3069(1) (2010) would apply.