MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2013 ME 45
Docket:      Ken-12-203
Argued:      April 10, 2013
Decided:     May 7, 2013

Panel:       SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

STATE OF MAINE

v.

MICHAEL G. NICKERSON

GORMAN, J.

[¶1] Michael G. Nickerson appeals from a judgment of conviction of assault (Class D), 17-A M.R.S. § 207(1)(A) (2012), and refusing to submit to arrest (Class D), 17-A M.R.S. § 751-B(1)(B) (2012), entered in the trial court (*Dow, J.*) after a jury-waived trial. Nickerson challenges the court's determination that he was competent to stand trial. We affirm the judgment.

## I. BACKGROUND

[¶2] Viewing the evidence in the light most favorable to the State, the following facts were proved beyond a reasonable doubt. *See State v. Reed*, 2013 ME 5, ¶ 9, 58 A.3d 1130. On May 9, 2011, two Waterville police officers responded to a citizen's complaint of Nickerson swearing and being disruptive on Main Street. The first officer approached Nickerson to discuss the complaint, and in attempting to avoid speaking with the officer, Nickerson pushed the officer and

struck him in the face. When that officer and a second officer then attempted to arrest Nickerson for assault, Nickerson thrashed, flailed, refused to put his hands behind his back to be handcuffed, and otherwise failed to comply with their instructions.

[¶3] At his arraignment two days later, Nickerson was still in custody. He entered pleas of not guilty to the charges of assault (Class D), 17-A M.R.S. § 207(1)(A), and refusing to submit to arrest (Class D), 17-A M.R.S. § 751-B(1)(B). The record reflects that the arraignment court (*Dow, J.*) accepted Nickerson's plea, but was concerned about his competency.[1] The court assigned counsel to Nickerson; ordered that he be released on personal recognizance bail; and, unless he filed a jury trial request, required Nickerson to return for a jury-waived trial on July 26, 2011.

[¶4] When Nickerson returned to court for the scheduled trial date on July 26, the court (*Bradford, J.*) ordered that Nickerson undergo a mental examination to determine his competency to stand trial pursuant to 15 M.R.S. § 101-D(1) (2012).[2] Nickerson failed to attend the examination, and the court (*Dow, J.*) then

---

[1] The document completed during the arraignment indicates that the court advised Nickerson of his rights and accepted his plea, but also includes the following note: "concerns re: understanding."

[2] Aside from the note regarding the arraignment court's concerns about Nickerson's understanding, the record does not make clear how the competency evaluation was initiated, whether by motion of a party or by the court's sua sponte decision. *See* 15 M.R.S. § 101-D(1)(A) (2012) ("Upon motion by the defendant or by the State, or upon its own motion, a court having jurisdiction in any criminal case may for cause shown order that the defendant be examined by the State Forensic Service for evaluation of the defendant's competency to proceed.").

issued a second order for a competency evaluation. After Nickerson failed to attend a second time, the court issued a third order for a competency evaluation, and set the date and time of the exam to coincide with the date that was to be Nickerson's next scheduled court appearance, February 29, 2012.[3] Nickerson did come to the courthouse on that date, and did meet with the evaluator from the State Forensic Service.

[¶5] During the competency hearing that immediately followed Nickerson's interview with the evaluator, the evaluator testified that Nickerson was familiar with the legal system, how the court works, and the roles of the participants. She also testified, however, that Nickerson "likely suffers from a mental illness that impedes his ability to think in an organized fashion and benefit from advice . . . [and is] unable to display the range of skills that are typically associated with trial competence." Nickerson then testified regarding the events that led to his arrest, the charges against him, his ability to assist his attorney, and his right to remain silent or testify on his own behalf. He stated that he was not taking any medication and was able to and wished to proceed with trial. Further, Nickerson's attorney stated, "I believe he's competent to stand trial," and stated that Nickerson was able to assist him in trying the case.

---

[3] We commend the practice of setting a date and time for the forensic evaluation to occur at the courthouse when, as here, the defendant has failed to attend multiple appointments.

4

[¶6]  The court found by a preponderance of the evidence that Nickerson was competent to stand trial, and conducted that trial exactly seven days later. After trial, the court found Nickerson guilty of both charges and sentenced him to a $300 fine for the assault and two days in jail for refusing to submit to arrest. Nickerson timely appeals.

## II.  DISCUSSION

[¶7]  Notwithstanding Nickerson's argument to the trial court that he was competent, and his testimony suggesting the same, Nickerson now contends that the court's determination that he was competent to stand trial was error.[4]  He points to two stages of the proceedings during which he asserts that the court erred—first, in finding him competent during the competency hearing, and second, in failing to reconsider his competency and find him incompetent during the trial itself.

[¶8]  A party is competent to stand trial if he is "capable of understanding the nature and object of the charges against him, comprehending his own condition in reference thereto, and cooperating with counsel to conduct a defense in a rational and reasonable manner."  *Haraden v. State*, 2011 ME 113, ¶ 7, 32 A.3d 448 (quoting *State v. Lewis*, 584 A.2d 622, 624 (Me. 1990)); *see Dusky v. United States*, 362 U.S. 402, 402 (1960); 6 Wayne R. LaFave et al., *Criminal Procedure*

---

[4]  Although Nickerson's argument to the trial court that he was competent was ultimately successful, Nickerson now contends that he was not competent to argue that he was competent before the trial court. The State does not challenge Nickerson's ability to appeal the determination of his competency.

§ 24.2(g) (3d ed. 2007). Here, there was evidence presented at the competency hearing—namely, Nickerson's own testimony—that Nickerson recalled the events that led to his arrest, understood the charges against him, understood his right to remain silent or speak on his own behalf, was not on any medication, could assist his own attorney, and was able and willing to proceed with trial. This testimony is sufficient to support the court's determination, by a preponderance of the evidence made after the competency hearing, that Nickerson was competent to stand trial. *See Haraden*, 2011 ME 113, ¶ 14, 32 A.3d 448.

[¶9] Although the evaluator testified to the contrary, the court was free to reject that testimony and to credit Nickerson instead. *See State v. Cumming*, 634 A.2d 953, 956 (Me. 1993); *State v. Ledger*, 444 A.2d 404, 418-19 (Me. 1982) (discussing that a court may find a defendant competent in the face of uncontradicted expert testimony opining otherwise given the court's ability to observe the defendant directly). Furthermore, it is well established that a party may be both mentally ill and competent to stand trial. *Thursby v. State*, 223 A.2d 61, 68 (Me. 1966); *see also State v. Murphy*, 2010 ME 140, ¶ 17, 10 A.3d 697, *cert. denied*, 132 S. Ct. 183 (2011) (stating that a party can be "competent but continually disruptive and disrespectful"); *Ledger*, 444 A.2d at 419 (noting that a defendant who "rambled" was nevertheless competent for purposes of the "criminal adjudication process" (quotation marks omitted)).

6

[¶10]  Nickerson also challenges as error the court's failure to reconsider his competency during the trial itself.  We note that the court had found Nickerson competent based on sufficient evidence just seven days earlier. Nickerson was presumed to be competent during the remainder of the proceedings unless and until the court "learn[ed] from observation or a credible source that there [was] a genuine doubt as to competence."  *State v. Comer*, 584 A.2d 638, 642 (Me. 1990); *see Haraden*, 2011 ME 113, ¶ 14, 32 A.3d 448.  The court indicated no such doubt during the trial.

[¶11]  On this record, the decision not to formally inquire into Nickerson's competency at trial was a proper exercise of the court's discretion, and we discern no error in the court's finding of competency at any stage in the proceedings.  *See Murphy*, 2010 ME 140, ¶ 3, 10 A.3d 697; *Comer*, 584 A.2d at 642-43 ("Although the presiding justice made no specific findings regarding [the defendant's] competence . . . , [the court's] implicit conclusion that [the defendant] was competent is fully supported by the record . . . ."); *Clement v. State*, 458 A.2d 69, 73 (Me. 1983); *State v. Dyer*, 371 A.2d 1079, 1084-86 (Me. 1977) (affirming the trial court's decision not to reconsider the defendant's competency during sentencing after the defendant lit himself on fire in the courtroom).

[¶12]  Nickerson's remaining contentions are without merit.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Sarah A. Churchill, Esq., Nichols, Webb & Loranger, Saco, for appellant Michael Nickerson

Maeghan Maloney, District Attorney, and Tracy DeVoll, Asst. Dist. Atty., Prosecutorial District IV, Augusta, for appellee State of Maine

**At oral argument:**

Sarah A. Churchill, Esq., for appellant Michael Nickerson

Tracy DeVoll, Asst. Dist. Atty., for appellee State of Maine

Waterville District Court docket number CR-2011-661
For Clerk Reference Only