MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2018 ME 160
Docket:      Ken-17-526
Argued:      July 18, 2018
Reargued:    October 25, 2018
Decided:     December 6, 2018
Revised:     January 8, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

TRAVIS R. GERRIER

HUMPHREY, J.

[¶1]  Travis R. Gerrier appeals from a judgment of conviction of gross sexual assault (Class A), 17-A M.R.S. § 253(1)(C) (2017), unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1) (2017), and furnishing liquor to a minor (Class D), 28-A M.R.S. § 2081(1)(A)(1) (2017), entered by the court (Kennebec County, *Mullen, J.*) after conditional guilty pleas.  Gerrier primarily challenges the court's determination that he was competent to stand trial.[1]  We affirm the judgment.

---

 [1] Gerrier also challenges the court's (*Fowle, J.*) denial of his motion to suppress statements he made and physical evidence he gave to the Maine State Police detective.  We do not find his arguments on that issue to be persuasive, and therefore we do not address that issue further.

## I. BACKGROUND

[¶2]  The following facts are drawn from the docket entries and the court's findings set out in its competency order, which are supported by the record, viewing the evidence in the light most favorable to the State.  *See State v. Gurney*, 2012 ME 14, ¶ 2, 36 A.3d 893.

[¶3]  On June 12, 2015, Gerrier was charged by complaint with (1) gross sexual assault (Class A), 17-A M.R.S. § 253(1)(C); (2) unlawful sexual contact (Class B), 17-A M.RS. § 255-A(1)(E-1); and (3) furnishing liquor to a minor (Class D), 28-A M.R.S. § 2081(1)(A)(1).  He was arrested that day and released on bail with conditions.  Gerrier was indicted on those charges on September 23, 2016.[2]

[¶4] Gerrier has had a long history of mental health issues and treatment, and has limited cognitive and intellectual abilities.  At Gerrier's request, a competency evaluation was conducted in October 2016.  During the pendency of this case, Gerrier also underwent psychological, psychosexual, and neuropsychological evaluations.  A competency hearing was held on

---

[2] This case has a long procedural history.  During the pendency of this case, Gerrier was charged in a separate action with violating conditions of release and tampering with a witness—the victim. Before Gerrier was indicted in September 2016, the State had offered Gerrier a plea deal, and a Rule 11 hearing was scheduled, but the State later withdrew that offer.

December 5, 2016, and on December 14, the court (*Mullen, J.*) issued an order in which it determined that Gerrier was competent to stand trial.

[¶5]  Gerrier ultimately entered conditional guilty pleas on all three charges, preserving his right to appeal from the order finding him to be competent and the order denying his motion to suppress.  *See supra* n.1.  The court (*Marden, J.)* sentenced Gerrier to a term of seven years for the gross sexual assault charge followed by twenty years of supervised release with conditions, and concurrent terms of five years for the unlawful sexual contact charge and 364 days for the charge of furnishing liquor to a minor.  Gerrier timely appealed. *See* M.R. App. P. 2B(b)(1).

## II.  DISCUSSION

[¶6]  Gerrier argues that the court (*Mullen, J.*) erred when it determined that he was competent to stand trial.  Before addressing Gerrier's arguments, we take this opportunity to clarify Maine law regarding the burden of proof and the evidentiary standard that attends a pretrial competency determination.

[¶7]  Whether a person is competent to stand trial implicates his or her due process rights.  *See Thursby v. State*, 223 A.2d 61, 66 (Me. 1966).  Article 1, section 6 of the Constitution of Maine provides, "In all criminal prosecutions, the accused shall have a right to be heard by himself and his counsel, or either,

at the election of the accused." *See also State v. Dyer*, 371 A.2d 1079, 1085 (Me. 1977). In order to safeguard this constitutional right, the defendant must be "capable of understanding the nature and object of the charges and proceedings against him, of comprehending his own condition in reference thereto, and of conducting in cooperation with his counsel his defense in a rational and reasonable manner." *Thursby*, 223 A.2d at 66; *see also Dusky v. United States*, 362 U.S. 402 (1960); *Haraden v. State,* 2011 ME 113, ¶ 7, 32 A.3d 448.

[¶8] In the majority of states, a defendant in a criminal case is presumed competent to stand trial.[3] Although Maine's competency statutes do not state the presumption outright, we infer its existence from our case law and the procedures established by the Legislature through which a defendant's

---

[3] *See, e.g.*, Alaska Stat. § 12.47.100 (2017); Cal. Penal Code § 1369(f) (Deering 2017); Conn. Gen. Stat. § 54-56d(b) (2017); Mass. Ann. Laws ch. 123, § 15(d) (2017); Mich. Comp. Laws Serv. § 330.2020 (2017); Ohio Rev. Code Ann. § 2945.37(G) (LexisNexis 2017); Okla. Stat. tit. 22 § 1175.4 (2017); 50 Pa. Cons. Stat. § 7403 (2017); 40.1 R.I. Gen. Laws § 5.3-3(b) (2017); Utah Code Ann. § 77-15-5 (LexisNexis 2017); *Cage v. State*, 528 S.W.3d 825, 827 (Ark. 2017); *People v. Stephenson*, 165 P.3d 860, 866 (Colo. App. 2007); *Hargraves v. United States*, 62 A.3d 107, 111 (D.C. 2013); *Gilbert v. State*, 220 S.E.2d 262, 263 (Ga. 1975); *People v. Davis*, 468 N.E.2d 172, 174 (Ill. App. Ct. 1984); *State v. Hunt*, 801 N.W.2d 366, 371, (Iowa Ct. App. 2011); *State v. Barnes*, 262 P.3d 297, 309 (Kan. 2011); *Jackson v. Commonwealth*, 319 S.W.3d 347, 350 (Ky. 2010); *State v. Jackson*, 707 So.2d 990, 995 (La. Ct. App. 1997); *Colbert v. State*, 308 A.2d 726, 731-732 (Md. Ct. Spec. App. 1973); *Commonwealth v. Crowley*, 471 N.E.2d 353 (Mass. 1984); *Evans v. State*, 226 So.3d 1, 14 (Miss. 2017); *State v. Chapman*, 1983 N.M. App. LEXIS 828, at *10-11; *People v. Kot*, 4 N.Y.S.3d 714, 716 (N.Y. App. Div. 2012); *State v. Heger*, 326 N.W.2d 855, 857 (N.D. 1982); *State v. Johnson*, 401 S.W.3d 1, 17 (Tenn. 2013); *Smith v. State*, 51 S.W.3d 806, 811 (Tex. Crim. App. 2001); *State v. Hurst*, 269 P.3d 1023, 1027 (Wash. 2012); *Cullen v. State*, 133 N.W.2d 284, 287 (Wis. 1965).

competency may be challenged. *See Thursby*, 223 A.2d at 69 ("When counsel at no time suggests to the trial court the probability of the accused's incompetence to stand trial, a reviewing court is justified in assuming, unless the contrary appears, that counsel was satisfied that no such impairment existed."). *See also* 15 M.R.S. § 101-D (2017). Because "the initial responsibility of raising the question of incompetence of the accused to stand trial is on his counsel," it becomes his duty to "promptly bring the matter to the attention of the court." *Thursby*, 223 A.2d at 68. That responsibility is not limited to defense counsel, however, because the court also has a duty to order an inquiry into the defendant's ability to proceed with the case if it "learns from observation, reasonable claim or credible source that there is genuine doubt of defendant's mental condition to comprehend his situation or make his defense." *Id.*; *see also* 15 M.R.S. § 101-D(1). Ultimately, if the defendant's competency is challenged, the court must determine whether the defendant is *incompetent* pursuant to 15 M.R.S. § 101-D(5).

[¶9] Under section 101-D(5), the court is obligated to make a competency determination "upon the motion of the attorney for the defendant or upon the court's own motion." If, after conducting a hearing, the court determines that the defendant is incompetent to stand trial, it "shall continue

the case until such time as the defendant is determined by the court to be competent." *Id.* The statute is therefore framed in terms of a finding of *incompetency*, further demonstrating a legislative approach that in Maine an accused is presumed to be competent. At the hearing, the burden of proof falls on the party seeking the determination of incompetency. It is likely that in most cases that party will be the defendant. *See Medina v. California*, 505 U.S. 437, 446 (1992) (stating that placing this burden on the defendant does not offend the principles of due process). In the event that the court raises the issue sua sponte, both parties have the opportunity to present evidence of the defendant's mental condition. If, for whatever reason, the defendant disagrees with the court's concerns, he is not obligated to present evidence of his own incompetence and may choose to present evidence showing the contrary, or may present no evidence at all. *See State v. Nickerson*, 2013 ME 45, ¶¶ 5-6, 66 A.3d 568. We recognize that a defendant may have reasons, tactical or otherwise, for choosing not to contest the presumption of his competence.

[¶10] The party seeking the determination of incompetence must prove by a preponderance of the evidence that the defendant is incompetent to proceed. Although the Legislature did not articulate this burden in section 101-D(5), we determine that a preponderance of the evidence is the

appropriate burden.[4] The Supreme Court of the United States has reviewed the appropriate burden in pretrial competency proceedings on several occasions. First, in *Medina v. California*, the Court upheld a statute requiring the defendant to prove his incompetence by a preponderance of the evidence. 505 U.S. at 452-53. The Court articulated that the burden of proof must be analyzed with regard to whether the practice "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Id.* at 445-46 (quoting *Patterson v. New York*, 432 U.S. 197, 202 (1977)). The *Medina* Court reviewed the historical treatment of the burden of proof in competency proceedings and concluded that allocating to the defendant the burden to prove incompetence by a preponderance of the evidence does not offend the principle of fundamental fairness. *Medina*, 505 U.S. at 452.

[¶11] Second, in *Cooper v. Oklahoma*, 517 U.S. 348, 369 (1996), the Supreme Court struck down a statute requiring the defendant to prove his incompetence by clear and convincing evidence. In that case, the Court relied on the analytical test affirmed in *Medina,* and concluded that imposing a higher

---

[4] Many state legislatures have chosen to include the presumption of competency, the allocation of the burden to prove incompetence, and the applicable evidentiary standard in their competency statutes. *See, e.g.*, Conn. Gen. Stat. § 54-56d(b); Mass. Ann. Laws ch. 123, § 15(d); 40.1 R.I. Gen. Laws § 5.3-3(b).

evidentiary burden on the defendant—one that would, in effect, allow a state to prosecute a defendant who has shown that he is more likely than not incompetent—is contrary to the historical treatment of incompetent defendants, offends principles of justice and fundamental fairness, and is unnecessary to strike an appropriate balance between the "State's interest in prompt and orderly disposition of criminal cases" and the defendant's due process right not to be tried while incompetent. *Id*. at 360-62. In reaching this conclusion, the Court observed that the use of the standard of clear and convincing evidence represented a decidedly minority view—only four of fifty states at that time imposed the heightened burden—and that use of such a burden of proof was unnecessary, even given the "inexactness and uncertainty that characterize competency proceedings."[5] *Id*. at 361, 361 n.17, 365. "For the defendant, the consequences of an erroneous determination of competence are dire. . . . By comparison to the defendant's interest, the injury to the State of the opposite error—a conclusion that the defendant is incompetent when he is in fact malingering—is modest." *Id*. at 364-65. The Court made clear the risk

---

[5] Following the decision in *Cooper*, at least three of the four jurisdictions that required the defendant to prove incompetence by clear and convincing evidence amended their statutes to require a showing of incompetence by only a preponderance of the evidence. *See* Conn. Gen. Stat. §54-56d(b); Okla. Stat. tit. 22, § 1175.4; 40.1 R.I. Gen. Laws § 5.3-3(b).

9

associated with competency determinations: "[b]ecause he lacks the ability to communicate effectively with counsel, he may be unable to exercise other rights deemed essential to a fair trial." *Id.* at 364 (quotation marks omitted). The Court held that imposing on the defendant the burden to prove his incompetence by clear and convincing evidence increases the risk of an erroneous competency determination, a risk that is unnecessary when the lower standard of preponderance of the evidence adequately protects the delicate balance of interests involved in competency determinations.

[¶12]   Based on these precedents, we conclude that the standard of preponderance of the evidence is sufficient and appropriate.[6]  It is the standard that is best suited to determinations of competency, which involve complex questions of cognitive ability, and it is the standard that appropriately balances the interests of the State and the due process rights of the criminal defendant.

[¶13]  In this case, the trial court correctly allocated the burden of proof, applied the appropriate evidentiary standard, and did not err in finding Gerrier competent to stand trial.   The court's determination of a defendant's

---

[6] The standard of preponderance of the evidence is consistent with the burden required by the Juvenile Code for competency proceedings, *see* 15 M.R.S. 3318-A (2017), and is applied in the majority of states, *see, e.g.*, Cal. Penal Code § 1369(f); Conn. Gen. Stat. § 54-56d(b); Mass. Ann. Laws ch. 123 § 15(d); Ohio Rev. Code Ann. § 2945.37(G); 40.1 R.I. Gen Laws § 5.3-3(b); *Cooper v. Okla.*, 517 U.S. 348, n.7 (1996); *Crowley*, 393 Mass. at 401-02.

competency is a factual one that we review for clear error. *See State v. Lewis*, 584 A.2d 622, 624-25 (Me. 1990). We will affirm a determination of competency "if the record contains competent evidence supporting the lower court's ruling." *See State v. Knights*, 482 A.2d 436, 439 (Me. 1984). As stated above, a defendant is competent if he is "capable of understanding the nature and object of the charges and proceedings against him, of comprehending his own condition in reference thereto, and of conducting in cooperation with his counsel his defense in a rational and reasonable manner." *Thursby*, 223 A.2d at 66. In determining whether a defendant is able to assist counsel, a court may consider

> the ability of the defendant to communicate and cooperate with counsel; his ability to maintain a collaborative relationship with his attorney and assist in planning legal strategy; whether he maintains a consistent defense; his ability to recall and relate facts concerning his actions and whereabouts at certain times; his ability to identify witnesses and help counsel locate and examine them; his ability to comprehend instructions and advice, and make decisions based on well-explained alternatives, including the entering of pleas and waiving of rights; his ability to follow and interpret witnesses' testimony to inform counsel of contradictions or errors; and his ability to testify himself, if necessary, and be cross-examined.

*Haraden*, 2011 ME 113, ¶ 7 n.3, 32 A.3d 448 (alterations omitted) (quotation marks omitted).

[¶14]     Here, the court considered the reports from Gerrier's psychological, psychosexual, neuropsychological, and competency evaluations—conducted between September 2015 and October 2016—as well as the testimony of the psychologist who performed the neuropsychological and competency evaluations.   The court acknowledged the psychologist's concerns that Gerrier's "combination of intellectual disability, autism spectrum disorder, and significant mood issues do significantly impair his ability to demonstrate the full range of trial competence skills needed for this complex situation."   After considering the psychologist's concerns, however, the court determined that Gerrier "demonstrated an ability to perform each function set forth in *Haraden."*

[¶15]  The court's finding that Gerrier was competent to stand trial is supported by evidence in the record that Gerrier (1) was capable of understanding the nature and object of the charges against him; (2) demonstrated an understanding, albeit somewhat limited, of the potential consequences of the charges against him*, see Lewis*, 584 A.2d at 624; (3) understood the difference between the sentence contemplated by the original plea offer that the State rescinded and the possible sentence he could receive if he were found guilty after trial; and (4) had a basic understanding of the

consequences of being on the sex offender registry. Finally, there is nothing in the record to suggest that Gerrier was incapable of cooperating with counsel to conduct a defense. *See id.*; *see also Haraden*, 2011 ME 113, ¶ 7 n.3, 32 A.3d 448. The experts who evaluated Gerrier commented on his strong memory and his ability to understand the difference between a plea bargain and proceeding to trial. Gerrier demonstrated "some elementary skills associated with trial competence, including some factual understanding of his case." As we have held on many occasions, "a defendant may be both mentally ill and competent to stand trial." *See State v. Ledger*, 444 A.2d 404, 419 (Me. 1982). Based on the weight of the evidence presented, we conclude that the trial court did not err, much less clearly err, when it determined that Gerrier was competent to stand trial. *See Lewis*, 584 A.2d at 624-25.

The entry is:

> Judgment affirmed.

---

Harold J. Hainke, Esq. (orally), Hainke & Tash, Whitefield, for appellant Travis R. Gerrier

Maeghan Maloney, District Attorney, and Kristin Murray-James, Asst. Dist. Atty. (orally), Prosecutorial District IV, Augusta; and Janet T. Mills, Attorney General, and Leanne Robbin, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine

Kennebec County Unified Criminal Docket docket number CR-2015-592
FOR CLERK REFERENCE ONLY