STATE OF MAINE                                   UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                                        No. CR-14-3454


NICHOLAS GLADU,

      Petitioner,

v.                                                        ORDER

STATE OF MAINE,

      Respondent


The court held a status conference on the record today in the above-captioned post-conviction review case with Attorneys Neale Duffett and Jen Cohen representing petitioner Nicholas Gladu, Jennifer Ackerman representing the State, and Mr. Gladu observing via Zoom link from the prison.[1]

It was agreed that another conference would need to be held in late February or early March once it is determined whether the undersigned will return as an ARJ and will continue to be assigned to this case and in order to resolve several issues before a hearing can be scheduled.

In the meantime counsel for petitioner stated that they anticipate filing a motion to amend the petition to assert an additional ground. Unless further extended by the court, that motion shall be filed by February 28, 2022.[2]

Counsel for petitioner also advised the court that pending motions filed by Mr. Gladu in the two cases in which he is representing himself with standby counsel (Cumberland UCD docket 18-156 and a more recent case pending in Knox County) may be pertinent to this case as well.

---

[1] It is the court's understanding that he may be in the IMHU.

[2] Setting the deadline as February 28 takes into account the difficulty currently experienced by counsel in communicating with Mr. Gladu

Unless further extended by the court, counsel for petitioner shall file by February 28, 2022 a pleading setting forth any pending motions in the two other cases that petitioner asserts also apply to this case. The court can without undue difficulty obtain copies of motions in CR-18-156 but petitioner's pleading should attach any pertinent motions from the Knox County case.

In the meantime, Mr. Gladu has again raised the question of his competency to proceed and contests the conclusions in the forensic report dated December 23, 2021. On that issue, if petitioner seeks a competency hearing, such a hearing can be scheduled. The scheduling may depend on petitioner's efforts to obtain an independent evaluation, which the court understands he is seeking.

In connection with post-conviction review, the issue of competency appears to be governed by the Law Court's decision in *Haraden v. State,* 2011 ME 113, 32 A.3d 448, which counsel should be prepared to address at the next scheduled conference.


Dated: January 2 6 , 2022

                                Thomas D. Warren
                                Justice, Superior Court

STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL DOCKET
No. CR-14-3454

NICHOLAS GLADU,

Petitioner,

v.

STATE OF MAINE
Cumberland, ss. Clerk's Office

AUG 2 4 2016

RECEIVED

ORDER

STATE OF MAINE,

Respondent

Petitioner Nicholas Gladu has filed a pro se motion seeking to have the court recuse in the above-captioned post-conviction case. The current status of the case is that Gladu's counsel has moved to withdraw. That motion has not been formally acted on, but it is the court's understanding that a substitute counsel has been approached by the clerk's office and has agreed to take the case if the motion is granted.

The basis of Gladu's motion is that he contends that the court is a material witness to events on March 8, 2012, the fourth day of his trial, when, after an evaluation by Dr. LeBlanc in the presence of the defense psychiatrist, Gladu was found to be too anxious to proceed with trial on that date. His trial counsel reported that Gladu had missed a psychiatric appointment during the trial and that Gladu was requesting different medication. All of that is on the record. Trial Tr. 715-34.

Gladu was examined the following morning (March 9) by Dr. LeBlanc, who concluded that he was able to proceed. Gladu's trial counsel agreed. This was all stated on the record as well. Trial Tr. 738-39. At that time the court stated its understanding that Gladu had been seen by a psychiatrist at the jail and had been prescribed some kind of medication at that time.

In his motion Gladu argues that he was heavily sedated on March 9, that he was essentially not competent to proceed, that he was not given an adequate competency evaluation. He further argues the court was a material witness to those events and bases his request for recusal on Code of Judicial Conduct Rule 2.11(A)(4)(c).

The short answer to Gladu's motion is that disqualification may be required when a judge has personal knowledge of facts "gained outside the course of the regular course of present or prior judicial proceedings." Rule 2.11(A)(1) (emphasis added). As the 2015 Advisory Committee Note to Rule 2.11 states, a judge's knowledge of facts gained in the course of prior judicial proceedings does not make the judge a material witness subject to recusal under Rule 2.11.

In this case the only knowledge that the court has of the claim now made by Gladu was gained in the course of the trial. Moreover, the court was not present for either the assessment of Gladu's ability to proceed on March 8 or the subsequent assessment on March 9, and the court has no knowledge as to what medication Gladu received or the effects of that medication. To the extent that evidence may be presented on those issues during the post-conviction proceeding, the court is prepared to evaluate that evidence and has no reason to conclude that it cannot do so fairly and impartially.

Accordingly, petitioner's motion to recuse is denied.


Dated: August 24, 2016

Thomas D. Warren
Justice, Superior Court

2